**Thomas J. Cotton, Esq.**
SCHENCK, PRICE, SMITH & KING, LLP
220 Park Avenue, P.O. Box 991
Florham Park, New Jersey 07932-0991
(973) 539-1000
*Attorneys for Defendant,*
*Pro Custom Solar LLC d/b/a Momentum Solar*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEWART SMITH and BRENNAN LANDY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PRO CUSTOM SOLAR LLC d/b/a MOMENTUM SOLAR,<br><br>Defendant. | CIVIL ACTION<br><br>No. 2:19-cv-20673<br><br>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT OR, IN THE ALTERNATIVE, TO STAY THE CASE**<br><br>Oral Argument Requested<br><br>Motion Date: March 16, 2020 |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..........................................................................................ii

PRELIMINARY STATEMENT .....................................................................................1

LEGAL ARGUMENT...................................................................................................2

I.  THE COURT SHOULD STAY THIS CASE PENDING THE SUPREME COURT'S
    FORTHCOMING RULING ON THE CONSTITUTIONALITY OF THE TCPA .........2

II. PLAINTIFF'S COMPLAINT FAILS TO ALLEGE THE ELEMENTS REQUIRED
    TO ESTABLISH LIABILITY UNDER THE TCPA .......................................................5

III. DEFENDANT IS ENTITLED TO JUDGMENT ON THE PLEADINGS
     UNDER RULE 12(C)................................................................................................8

     A.  Plaintiffs' TCPA claims violate the Free Speech Clause
         of the First Amendment and the Equal Protection Clause
         of the Fourteenth Amendment ...............................................................................8

         1.  The TCPA Speaker- and Content-Based Restrictions
             are Subject to Strict Scrutiny ...................................................................9

         2.  The TCPA's Restrictions Cannot Survive
             Strict Scrutiny ........................................................................................12

         3.  Plaintiffs' Claims under the TCPA Violate
             Equal Protection........................................................................................14

IV.  ALTERNATIVELY, DEFENDANT RESPECTFULLY REQUESTS
     PERMISSION TO FILE A MOTION FOR SUMMARY
     JUDGMENT DEMONSTRATING THAT THE DIALER AT ISSUE
     DOES NOT QUALIFY AS AN ATDS .......................................................................15

CONCLUSION...........................................................................................................16

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Allstate Prop. & Cas. Ins. Co. v. Squires*, 667 F.3d 388, 390 (3d Cir. 2012)................................ 8

*Am. Ass'n of Political Consultants v. Sessions*, 323 F. Supp. 3d 737, 743 (E.D.N.C. 2018). 11, 14

*Ashland Hosp. Corp. v. SEIU*, 708 F.3d 737, 740-41 (6th Cir. 2013).......................................... 13

*Backpage.com, LLC v. Hoffman,* 2013 WL 4502097, at *8 (D.N.J. Aug. 20, 2013) ................... 12

*Bais Yaakov of Spring Valley v. Peterson's Nelnet, LLC*, 2011 WL 4056318, at *2 (D.N.J. Sept. 12, 2011) ........................................................................................................................................ 3

*Brickman v. Facebook, Inc.*, 230 F. Supp. 3d 1036, 1043-44 (N.D. Cal. 2017).......................... 12

*Brown v. Entm't Merchants Ass'n*, 564 U.S. 786, 790–91 (2011) ................................................ 8

*Bruni v. City of Pittsburgh,* 824 F.3d 353, 363 (3d. Cir. 2016) .................................................... 12

*Cahaly v. Larosa*, 796 F.3d 399, 405 (4th Cir. 2015)...................................................... 10, 12, 14

*Carey v. Brown*, 447 U.S. 455, 460-61 (1980) ............................................................................. 8

*Clinton v. Jones*, 520 U.S. 681, 706 (1997) .................................................................................. 3

*Dominguez v. Yahoo! Inc.,* 894 F.3d 116, 121 (3d Cir. 2018)................................................. 6, 15

*Duchene v. Westlake Servs., LLC*, 2015 WL 5947669, at *1 (W.D. Pa. Oct. 13, 2015) ........... 3, 4

*Duguid v. Facebook, Inc.*, 926 F.3d 1146, 1154 (9th Cir. 2019).................................................. 11

*Fleming v. Assoc. Credit Srvs., Inc.,* 342 F. Supp. 3d 563, 574 (D.N.J. 2018) ............. 6, 7, 15, 16

*Frisby v. Schultz*, 487 U.S. 474, 485 (1988) ............................................................................... 13

*Gallion v. Charter Commc'ns Inc.*, 287 F. Supp. 3d 920, 927 (C.D. Cal. 2018*)* ........................ 11

*Gerniann v. Watts Regulator Co*., 2015 U.S. Dist. LEXIS 168475, at *5 (M.D. Pa. 2015)........... 3

*Greenley v. Laborers' Int'l Union of N. Am.*, 271 F. Supp. 3d 1128, 1149 (D. Minn. 2017) ...... 11

*Hill v. Wallace*, 259 U.S. 44, 70-72 (1922) ................................................................................ 12

*Holt v. Facebook Inc.*, 240 F. Supp. 3d 1021, 1032 (N.D. Cal. 2017) ........................................ 12

*Kirkeby v. Furness*, 92 F.3d 655, 659 (8th Cir. 1996) ................................................................. 13

ii

*Lambert v. Seminole Cnty. Sch. Bd.*, 2016 WL 9453806, at *2 (M.D. Fla. Jan. 21, 2016) .......... 11

*Landis v. N Am. Co.*, 299 U.S. 248, 254 (1936) .............................................................. 2

*McCullen v. Coakley*, 134 S. Ct. 2518, 2548 (2014) ..................................................... 13

*Mejia v. Time Warner Cable Inc.*, 2017 WL 3278926, at *14 (S.D.N.Y. Aug. 1, 2017)............. 11

*Minn. v. Mille Lacs Band of Chippewa Indians*, 526 U.S. 172, 191 (1999) ................................ 12

*Montinola v. Synchrony Bank*, 2018 WL 4110940, at *1–2 (D.N.J. Aug. 28, 2018) .................... 5

*Nat'l Inst. of Family & Life Advocates v. Becerra*, 138 S. Ct. 2361, 2378 (2018)........................ 9

*Rajput v. Synchrony Bank*, 221 F. Supp. 3d 607, 616 (M.D. Pa. 2016) ..................................... 3, 4

*Reed v. Town of Gilbert*, 135 S. Ct. 2218, 2227-28 (2015) ............................................ 9

*Richardson v. Verde Energy USA, Inc.,* 354 F. Supp. 3d 639, 647 (E.D. Pa. 2018) ............... 6, 15

*Rosenberger v. Rector & Visitors of the Univ. of Va.*, 515 U.S. 819, 829 (1995) ................. 10, 11

*Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005) ................................... 8

*United States v. Playboy Entm't Grp., Inc.*, 529 U.S. 803, 817 (2000) ......................... 12

*Viggiano v. Kohl's Dep't Stores, Inc.*, 2017 WL 5668000, at *2 (D.N.J. Nov. 27, 2017)............. 5

**Statutes**

47 U.S.C. § 227.................................................................................................... 1

Pro Custom Solar LLC d/b/a Momentum Solar ("Defendant"), by and through its undersigned counsel, hereby move this Court for a stay of the case or, in the alternative, for a dismissal of the claims lobbed by plaintiffs Stewart Smith and Brennan Landy (collectively, "Plaintiffs") under Federal Rules of Civil Procedure 12(b)(6) and/or 12(c).

## PRELIMINARY STATEMENT

Plaintiffs' one-count complaint seeks recovery of statutory damages under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"). As a threshold matter, because the constitutionality of the TCPA is currently under consideration by the United States Supreme Court, Defendant respectfully requests that the Court stay this case for four months—until the conclusion of the Supreme Court's current term—during which time the constitutionality of the TCPA is expected to be addressed.

Should the Court proceed, Plaintiffs' claim against Defendant warrants dismissal on two independent grounds. <u>First</u>, Plaintiffs' complaint fails to state a valid claim under the TCPA because they failed to allege the necessary elements for liability; warranting dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. <u>Second</u>, because the TCPA includes unconstitutional content- and speaker-based restrictions in violation of both the First Amendment and Equal Protection Clause of the Fourteenth Amendment, Defendant is entitled to judgment on the pleadings under Rule 12(c). Plaintiffs' complaint should therefore be dismissed.

If the Court finds that Plaintiffs have pled a sufficient claim against Defendant based on the low pleading standard and deference given plaintiffs in such motions, Defendant respectfully requests that the Court immediately set a briefing schedule for Defendant's motion for summary

judgment under Rule 12(b)(6) on the issue that the dialer used to place the calls at issue does not, as a matter of law, qualify as an automatic telephone dialing system ("ATDS") under the TCPA.

## **LEGAL ARGUMENT**

**I.    THE COURT SHOULD STAY THIS CASE PENDING THE SUPREME COURT'S FORTHCOMING RULING ON THE UNCONSTITUTIONALITY OF THE TCPA.**

The unconstitutionality of the TCPA is currently pending before the United States Supreme Court and this Court should stay any further proceedings in this case until that issue is resolved.   On January 10, 2020, the United States Supreme Court granted the government's petition for a writ of certiorari in *Barr v. Political Consultants*, No. 19-631.   The question presented for review is: "Whether the government-debt exception to the [TCPA] automated-call restriction violates the First Amendment, and whether the proper remedy for any constitutional violation is to sever the exception from the remainder of the statute?"

Defendant similarly challenges the constitutionality of the TCPA and seeks judgment on the pleadings.   *See infra* Section III.   There are multiple outcomes in *Barr* that could impact the viability of Plaintiffs' claims in this case.   For example, should the Supreme Court affirm the Fourth Circuit's decision that the government-debt exception renders Section 227(b)(1)(A)(iii) of the TCPA unconstitutional, and also hold that striking the entire provision (rather than merely the government-debt exception) is the proper remedy, Plaintiffs' claims in this case would be subject to dismissal in their entirety.

Under these circumstances, a limited four-month stay is both warranted and appropriate. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of cases on its docket with economy of time and effort for itself, for counsel and for litigants."   *Landis v. N Am. Co*., 299 U.S. 248, 254 (1936).   District Courts have "broad

2

discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997).  "To exercise that discretion within the bounds of the law, a district court must 'weigh competing interests and maintain an even balance.'"  *Gerniann v. Watts Regulator Co.*, 2015 U.S. Dist. LEXIS 168475, at *5 (M.D. Pa. 2015).

Courts in the Third Circuit consider three key factors when deciding to stay a case:  (1) whether a stay will simplify issues and promote judicial economy; (2) the balance of harm to the parties; and (3) the length of the stay.  *See, e.g., Bais Yaakov of Spring Valley v. Peterson's Nelnet, LLC*, 2011 WL 4056318, at *2 (D.N.J. Sept. 12, 2011) (granting stay in TCPA case because Third Circuit was reviewing pertinent TCPA issues); *Duchene v. Westlake Servs., LLC*, 2015 WL 5947669, at *1 (W.D. Pa. Oct. 13, 2015) (granting stay in TCPA suit because Supreme Court was reviewing relevant and potentially dispositive issues); *Rajput v. Synchrony Bank*, 221 F. Supp. 3d 607, 616 (M.D. Pa. 2016) (granting stay in TCPA case while ATDS definition was under consideration by DC Circuit).  Each of these elements supports granting a stay in this case.

**First, a stay in this case will simplify issues and promote judicial economy**.  The relevance of the Supreme Court's decision in *Barr* to Plaintiffs' claims cannot be overstated, including because it could prove dispositive on Plaintiffs' single cause of action.  *See infra* Section III.  The Supreme Court's decision will address and control a threshold question in the case—the constitutionality of the statute under which Plaintiffs bring their case, the TCPA.  It would be a waste of resources for the parties and Court to litigate this case only to find that the statute at issue is unconstitutional.  Further, the question before the Supreme Court is now before this Court, and it would be a waste of judicial resources to rule on Defendant's Motion for Judgment on the Pleadings under Rule 12(c) when we reasonably expect dispositive controlling precedent on that issue to be published within the next four months.  A stay will simplify issues

and promote judicial economy.  *See, e.g., Rajput*, 221 F. Supp. 3d at 616 (granting stay in part because "[it] will reduce the burden of litigation on the parties and the Court by allowing the Court to avoid issuing a dispositive Order in the midst of an uncertain legal environment.") (quotations and citations omitted).  Staying this case pending resolution of the Supreme Court's decision in *Barr* will avoid unnecessary time and money being spent on a claim that should be dismissed on constitutional grounds.

**Second**, a four-month stay will not harm the parties.  No reasonable argument can be made that any party would be harmed during a four-month stay of this case.  For example, there is no evidence that will be destroyed due to the passage of time and neither party needs immediate relief.  A brief stay of the case will not alter the factual circumstance of either party; however, the legal foundations for Plaintiffs' claims could look drastically different after the Court's ruling.  Thus, this factor weighs in favor of a stay.

**Third**, the requested stay is for a short, defined length of time.  The length of a stay in this case will not result in an extended delay of these proceedings.  The Supreme Court granted certiorari earlier this month, and is in the process of finalizing an argument date for this Term.  Consistent with the Supreme Court's process and procedures, a decision is reasonably expected by the close of the current term in mid-June.  Thus, a four-month stay should guarantee that the Court and parties have further clarity on the constitutionality of the TCPA before additional time and resources are dedicated to this case.  In *Duchene,* the court was faced with a similar factual circumstance and stayed the plaintiff's putative TCPA class action matter until the close of the Supreme Court's term given the potential for pending cases "to reshape the class action and statutory standing landscape applicable to th[at] case."  2015 WL 5947669, at *1.  As in *Duchene,* the *Barr* case has "the direct possibility of undercutting, or at least seriously calling

into question, the Court's jurisdiction in this case.  Because it appears that Plaintiffs will not incur any significant prejudice if a short stay of definite duration is imposed" a stay pending decision by the Supreme Court is warranted.  *Id.* at *4.

For the above reasons, this Court should stay this action pending *Barr's* resolution.  If the case proceeds, Plaintiffs' complaint must be dismissed.

## II.  PLAINTIFFS' COMPLAINT FAILS TO ALLEGE THE ELEMENTS REQUIRED TO ESTABLISH LIABILITY UNDER THE TCPA.

A claim must be dismissed when it fails to state a claim upon which relief can be granted. *Montinola v. Synchrony Bank*, 2018 WL 4110940, at *1–2 (D.N.J. Aug. 28, 2018).  To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Viggiano v. Kohl's Dep't Stores, Inc.*, 2017 WL 5668000, at *2 (D.N.J. Nov. 27, 2017) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A claim is plausible when the pleaded factual content allows the court to draw the reasonable inference that a defendant is liable for the misconduct alleged.  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires [it] to draw on its judicial experience and common sense."  *Id* (citing *Iqbal*, 556 U.S. at 678).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' "  *Id.* (citing *Iqbal*, 556 U.S. at 679).  Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully."  *Montinola*, 2018 WL 4110940, at *1.  A complaint must contain more than labels and conclusions, and a formulaic recitation of the elements of a cause of action to survive a

motion to dismiss.  *Viggiano*, 2017 WL 5668000, at \*2.  Plaintiffs' complaint fails to meet the controlling standard and should be dismissed under Rule 12(b)(6).

The TCPA defines an "automatic telephone dialing system" to mean "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers."  47 U.S.C. § 227(a)(1).  Plaintiffs fail to allege multiple elements required to establish liability under the TCPA.

Plaintiffs fail to validly allege the use of an ATDS.  Plaintiffs' complaint alleges that the dialer at issue "has the capacity to store, produce, and dial random or sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse,* in an automated fashion without human intervention."  Compl. at ¶ 10.  Plaintiffs do not identify the dialer or provide any factual basis for these allegations; however, that is secondary to the fact that Plaintiffs' stated definition is inconsistent with the controlling definition of an ATDS.  As this Court has previously confirmed, the mere presence of a "predictive dialer" is not sufficient to meet the definition of an ATDS under the TCPA.  *Fleming v. Assoc. Credit Srvs., Inc.,* 342 F. Supp. 3d 563, 574 (D.N.J. 2018) (McNulty, J.) ("I hold that when the D.C. Circuit vacated the 2015 FCC Declaratory Ruling it also necessarily set aside the parts of the previous 2003 and 2008 FCC Orders that ruled that a predictive dialer was impermissible under the TCPA.")  In *Dominguez,* the Third Circuit held that the critical inquiry—post *ACA International*—is whether the technology at issue can "function as an autodialer by generating random or sequential telephone numbers and dialing those numbers."  *Dominguez v. Yahoo! Inc.,* 894 F.3d 116, 121 (3d Cir. 2018).  The inquiry is no longer whether the technology could dial from a list in an automated fashion.  *See id.; see also Richardson v. Verde Energy USA, Inc.,* 354 F. Supp. 3d 639, 647 (E.D. Pa. 2018).

Despite that established standard and controlling precedent in this Circuit, Plaintiffs rest their claims on an allegation that Defendant is responsible for calls placed using a predictive dialer.  Plaintiffs allege merely that the technology at issue dials telephone numbers from a list without human intervention.  Compl. at ¶ 10.  That is insufficient to meet the definition of an ATDS established by the Third Circuit in *Dominguez.  Fleming,* 342 F.Supp.3d at 576.  As Your Honor has previously stated:  "The phrase 'using a random or sequential number generator,' I believe, applies to the manner in which the numbers make their way onto the list—not to the manner in which the numbers are dialed once they are on the list."  *Id.* at 576; *see also Pinkus,* 319 F. Supp. 3d at 938.  That is consistent with the Third Circuit's earlier consideration of that that question, where it confirmed that "the definition of 'random and sequential' number generation . . . refers to the numbers themselves rather than the manner in which they are dialed." *Dominguez v. Yahoo!,* 629 F. App'x 369, 372 (3d Cir. 205).  Because Plaintiffs' allegations concerning the technology at issue here are inconsistent with the controlling definition of an ATDS, they have not stated a valid claim upon which relief could be granted.

Second, it is relevant that Plaintiffs do not allege that Defendant called them without consent.  Consent is a fully dispositive defense to any TCPA claim, but Plaintiffs do not, because they cannot, allege that any calls from Defendant were placed without consent.  To be clear, Plaintiffs allege they "never provided any consent *for an initial call*" and then speak to "retroactive consent."  Compl. at ¶¶ 23, 29 (emphasis added).  Plaintiffs state these allegations carefully to imply a lack of consent for Defendant; however, the gaps between their allegations are both important and dispositive.  Plaintiffs do not, because they cannot, allege that the "initial call" came from Defendant.  They argue regarding "retroactive consent" because they know that they did provide consent for the subsequent call by Defendant.  Tellingly, Plaintiffs never allege

7

that Defendant lacked consent for any call it placed to them.  Plaintiffs' failure to allege that Defendant called their respective telephone numbers without consent is fatal to their claims.

Dismissal under Rule 12(b)(6) is warranted.

## III.   DEFENDANT IS ENTITLED TO JUDGMENT ON THE PLEADINGS UNDER RULE 12(C).

### A.   Plaintiffs' TCPA Claims Violate the Free Speech Clause of the First Amendment and the Equal Protection Clause of the Fourteenth Amendment.

Judgment on the pleadings is justified because Plaintiffs' claims are brought under an unconstitutional statute that cannot provide a valid basis for the relief sought.  When a party files a motion for judgment on the pleadings pursuant to Rule 12(c), "a court must accept all of the allegations in the pleadings of the party against whom the motion is addressed as true and draw all reasonable inferences in favor of the non-moving party."  *See Allstate Prop. & Cas. Ins. Co. v. Squires*, 667 F.3d 388, 390 (3d Cir. 2012) (*citing Allah v. Al–Hafeez*, 226 F.3d 247, 249 (3d Cir. 2000)).  The movant must establish that "there are no issues of material fact, and that he is entitled to judgment as a matter of law."  *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005).  The TCPA's content- and speaker-based restrictions are unconstitutional; thus, even if all allegations are accepted as true, Plaintiffs cannot recover for violations of those unconstitutional provisions.

Under the Free Speech Clause of the First Amendment, the "government has no power to restrict expression because of its message, its ideas, its subject matter, or its content."  *Brown v. Entm't Merchants Ass'n*, 564 U.S. 786, 790–91 (2011).  Similarly, under the Equal Protection Clause, the government has no power to "discriminat[e] among speech-related activities" based on "the content of the [speaker's] communication."  *Carey v. Brown*, 447 U.S. 455, 460-61 (1980).  As a general matter, a content-based regulation of speech complies with the Free Speech

8

and Equal Protection Clauses only if the government "can demonstrate that it passes strict scrutiny." *Entm't Merchants Ass'n*, 564 U.S. at 799. Plaintiffs' claims rely on a statutory provision that permits content- and speaker-based restrictions that violate both the First Amendment and the Equal Protection Clause. The restrictions cannot satisfy the strict scrutiny standard and, therefore, are unconstitutional.

       *1.*     *The TCPA's Speaker- and Content-Based Restrictions are Subject to Strict Scrutiny.*

The TCPA's restrictions are both content- and speaker-based because the potential for liability thereunder turns on a caller's identity and the content of their speech. It is well-settled that such restrictions are subject to strict judicial scrutiny.

Indeed, the Supreme Court has held that content-based regulations of speech are subject to strict scrutiny "regardless of the government's benign motive, content-neutral justification, or lack of 'animus toward the ideas contained' in the regulated speech." *Reed v. Town of Gilbert*, 135 S. Ct. 2218, 2227-28 (2015) (citation omitted). A regulation on speech is content-based if it "applies to particular speech because of the topic discussed or the idea or message expressed." *Id.* Furthermore, because "[s]peech restrictions based on the identity of the speaker are all too often simply a means to control content," the Supreme Court has held that "laws favoring some speakers over others" likewise "demand strict scrutiny" and are presumptively unconstitutional where "the legislature's speaker preference reflects a content preference." *Id.* at 2230 (citations omitted); *Nat'l Inst. of Family & Life Advocates v. Becerra*, 138 S. Ct. 2361, 2378 (2018).

The TCPA is content-based because it "draws distinctions based on the message a speaker conveys." *Reed*, 135 S. Ct. at 2227-28. A caller may use an ATDS to collect a government debt, but not, for example, to collect a private debt, inform an individual about a

beneficial service, or communicate with a potential customer. Indeed, such preferential treatment amounts to not just content discrimination, but also outright viewpoint discrimination—a "blatant" and "egregious form of content discrimination." *Rosenberger v. Rector & Visitors of the Univ. of Va.*, 515 U.S. 819, 829 (1995).

In a particularly glaring and self-serving example of discrimination, the federal government has authorized callers to use an ATDS to advise a debtor to pay back government debt, but not to advise the debtor to avoid paying the government by negotiating a settlement, challenging the debt in court, or declaring bankruptcy. Because the call's subject matter provides the basis for determining whether these statutory restrictions apply, they are prototypical, "facial" content-based restrictions that "draw[] distinctions based on the message a speaker conveys" and therefore trigger strict scrutiny. *Reed*, 135 S. Ct. at 2227-28 (stating that content-based distinctions are "obvious" where they "defin[e] regulated speech by particular subject matter"); *see also Cahaly v. Larosa*, 796 F.3d 399, 405 (4th Cir. 2015) (concluding that South Carolina's anti-robocall statute was subject to strict scrutiny because it "applies to calls with a consumer or political message").

The TCPA also imposes speaker-based preferences for government messages and government-"authorized" messages that reflect a content preference, and are therefore presumptively invalid. *Reed*, 135 S. Ct. at 2230. The TCPA's speaker-based preferences are plain. While the TCPA's call restrictions purport to govern "any person within the United States" 47 U.S.C. § 227(b)(1), it unambiguously excludes all government entities from the definition of a "person." *See* 47 U.S.C. § 153(39); *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 64 FCC Rcd. 1757, ¶ 10 (2016) (acknowledging that the term "person," as used in Section 227(b)(1), "does not include the federal government"). As a result,

municipalities, counties, and all other governmental entities are not subject to the TCPA's call restrictions.  *See Lambert v. Seminole Cnty. Sch. Bd.*, 2016 WL 9453806, at *2 (M.D. Fla. Jan. 21, 2016).  Government agents communicating "authorized" messages are also exempt.  *See* July 2016 FCC Order ¶¶ 1, 10, 11; *Greenley v. Laborers' Int'l Union of N. Am.*, 271 F. Supp. 3d 1128, 1149 (D. Minn. 2017) ("[D]ebt collector initiating a telephone call often [can] be a third party that has no preexisting relationship with the debtor.").

The TCPA's speaker-based preferences also clearly reflect a content preference.  Under the TCPA's exemption for government agents acting within the scope of their agency, for example, a private speaker's exposure to potential liability depends on whether its message is authorized by the government and compliant with the government's instructions.  The preferential treatment for government speakers also violates the principle prohibiting the law from favoring one form of private speech over another.  *Rosenberger*, 515 U.S. at 828 ("In the realm of private speech or expression, government regulation may not favor one speaker over another.").  Accordingly, the Constitution demands that the TCPA's call restrictions, upon which Plaintiffs base their claims, withstand strict scrutiny.

Eight federal courts have already correctly concluded that the government debt exception and emergency call exception render the TCPA content-based and subject the statute to strict scrutiny.  *Duguid v. Facebook, Inc.*, 926 F.3d 1146, 1154 (9th Cir. 2019)*; Am Ass'n of Political Consultants, Inc.,* 923 F.3d 159, 166 (4th Cir. 2019); *Am. Ass'n of Political Consultants v. Sessions*, 323 F. Supp. 3d 737, 743 (E.D.N.C. 2018); *Gallion v. Charter Commc'ns Inc.*, 287 F. Supp. 3d 920, 927 (C.D. Cal. 2018*)*; *Greenley*, 271 F. Supp. 3d at 1145; *Mejia v. Time Warner Cable Inc.*, 2017 WL 3278926, at *14 (S.D.N.Y. Aug. 1, 2017); *Holt v. Facebook Inc.*, 240 F.

11

Supp. 3d 1021, 1032 (N.D. Cal. 2017); *Brickman v. Facebook, Inc.*, 230 F. Supp. 3d 1036, 1043-44 (N.D. Cal. 2017).[1]  The Court should make the same finding here.

### 2. *The TPCA's Restrictions Cannot Survive Strict Scrutiny.*

"It is rare that a regulation restricting speech because of its content will ever be permissible." *Bruni v. City of Pittsburgh,* 824 F.3d 353, 363 (3d. Cir. 2016) (citation omitted). Indeed, strict scrutiny is "the most demanding test known to constitutional law," *City of Boerne*, 521 U.S. 507, 534 (1997), and laws that are subject to strict scrutiny are considered "presumptively invalid." *United States v. Playboy Entm't Grp., Inc.*, 529 U.S. 803, 817 (2000). The TCPA fails to overcome this presumption.

The party seeking to enforce a law that is subject to strict scrutiny has the burden of proving that it is narrowly tailored to advance a compelling governmental interest. *See Backpage.com, LLC v. Hoffman,* 2013 WL 4502097, at *8 (D.N.J. Aug. 20, 2013).  The Fourth Circuit has already struck down a state analogue to the TCPA under this exacting review. *Cahaly v. Larosa*, 796 F.3d 399, 405 (4th Cir. 2015).  Plaintiffs likewise cannot meet their burden to demonstrate that the TCPA provisions he seeks to enforce satisfies strict scrutiny here.

---

[1]  The Fourth and Ninth Circuit incorrectly severed the government debt collection exemption because they did not examine the TCPA's legislative history.  Instead, the courts merely noted that "[f]or twenty-four years, from 1991 until 2015, the automated call ban was 'fully operative'".  *Id*. at *9; *see also Minn. v. Mille Lacs Band of Chippewa Indians*, 526 U.S. 172, 191 (1999) (noting that severability inquiry focuses on congressional intent); *Hill v. Wallace*, 259 U.S. 44, 70-72 (1922) (holding that Future Trading Act was non-severable, even with statute containing severability clause).  The circuits instead should have invalidated 47 U.S.C. § 227 (b) in its entirety.  *See* Pub. L. No. 102-243, § 2 at ¶ 13 (noting that Congress intended for the TCPA's exemptions to work in tandem with its call restrictions).

*First*, the TCPA's purported goal of protecting citizens from unwanted automated communications or preserving "residential privacy" is not a compelling interest.  As the Eighth Circuit Court of Appeals has observed, while residential privacy may constitute a "substantial" interest in connection with the regulation of speech, "[t]he Supreme Court has never held that [residential privacy] is a compelling interest . . . and we do not think that it is." *Kirkeby v. Furness*, 92 F.3d 655, 659 (8th Cir. 1996); *see also McCullen v. Coakley*, 134 S. Ct. 2518, 2548 (2014) (Scalia, J., concurring in the judgment) ("Suffice it to say that if protecting people from unwelcome communications . . . is a compelling state interest, the First Amendment is a dead letter.") (internal quotation marks and citation omitted); *Backpage.com*, 2013 WL 4502097 at *9–12 (enjoining content-based statute intended to prevent obscene communications).

*Second*, even if the interest of preventing unwanted calls was compelling (which it is not), the TCPA is not narrowly tailored to achieve that goal.  Narrow tailoring requires targeting "no more than the exact source of the 'evil' [the regulation] seeks to remedy." *Frisby v. Schultz*, 487 U.S. 474, 485 (1988).  The "exact source" of the purported problem the TCPA seeks to remedy is "abusive telemarketing practices that threaten the privacy of consumers and businesses." *Ashland Hosp. Corp. v. SEIU*, 708 F.3d 737, 740-41 (6th Cir. 2013).  With its broad restrictions on nearly all non-government actors, however, the TCPA restricts more speech than necessary; thus, it is not "narrowly tailored." *See Cahaly*, 796 F.3d at 405 (concluding state-analogue of TCPA was not narrowly tailored because less-restrictive alternatives existed).

Furthermore, Congress has observed that "[e]vidence . . . indicates that residential telephone subscribers consider automated or prerecorded telephone calls, *regardless of the content or the initiator of the message*, to be a nuisance and an invasion of privacy." Pub. L. No. 102-243, § 2, ¶ 10 (emphasis added).  Nonetheless, the TCPA explicitly exempts several broad

13

categories of identically intrusive speech, including calls that promote the collection of government-backed debt, calls authorized by the government, and various types of calls favored by the FCC, such as package delivery notifications,[2] calls relating to bank transfers,[3] and healthcare-related calls.[4]  Thus, the TCPA's improper speaker- and content-based exceptions that permit some calls while preventing others is also under-inclusive.  *See Cahaly*, 796 F.3d at 406 (state TCPA analogue was "underinclusive" where it permitted "unlimited proliferation" of certain types of speech); *see also Am. Ass'n of Political Consultants, Inc.,* 923 F.3d at 169.  The TCPA provisions Plaintiffs seek to enforce are therefore unconstitutional and Plaintiffs' claims cannot stand.

### 3.    *Plaintiffs' Claims Under the TCPA Violate Equal Protection.*

The TCPA's "differential treatment" of various types of speech and speakers also violates the Fourteenth Amendment's Equal Protection Clause.  The Fourteenth Amendment guarantees "equal protection of the laws."  Where, as here, a law treats citizens differently, that disparate treatment must be justified.  *Mosley*, 408 U.S. at 95.  "As in all equal protection cases, [] the crucial question is whether there is an appropriate governmental interest suitably furthered by the differential treatment."  *Id*.  No valid public interest can justify treating speech with a potential customer about the security of their internet communications less favorably than speech about government debt collection or package deliveries.  As discussed above, the TCPA improperly

---

[2]    Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Cargo Airline Association Petition for Expedited Declaratory Ruling, Order, CG Docket No. 02-278, FCC 14-32, 29 FCC Rcd 3432, 3437-38 ¶ 18 (2014).

[3]    2015 FCC Order, 30 FCC Rcd at 8024-28 ¶¶ 129-38.

[4]    *Id.* at 8031-32 ¶¶ 146-48.

imposes different standards and restrictions based on the identity of the caller. Such different treatment is improper and unjustified.

Accordingly, the TCPA violates the Equal Protection Clause of the Fourteenth Amendment and Defendant is entitled to Judgment on the Pleadings under Rule 12(c).

## IV.   ALTERNATIVELY, DEFENDANT RESPECTFULLY REQUESTS PERMISSION TO FILE A MOTION FOR SUMMARY JUDGMENT DEMONSTRATING THAT THE DIALER AT ISSUE DOES NOT QUALIFY AS AN ATDS.

Even if the Court accepts that Plaintiffs have alleged enough to defeat a Motion to Dismiss (which they have not), Plaintiffs' factual basis is lacking and, once evidence of the dialer at issue is established, Defendant will be entitled to judgment as a matter of law. Thus, if the Court permits Plaintiffs' complaint to stand, Defendant respectfully requests that the Court set an immediate schedule for Defendant to move this Court for summary judgment on the basis that the dialer at issue does not qualify as an ATDS under the TCPA.

It would be a waste of resources for the Court and parties to engage in extensive pre-trial discovery, depositions, and motion practice only for the Court to dismiss these claims as a matter of law because the undisputed dialer at issue does not meet the Third Circuit's definition of an ATDS. As discussed above, under controlling Third Circuit precedent, held in *Dominguez*, the technology at issue can "function as an autodialer by generating random or sequential telephone numbers and dialing those numbers." *Dominguez*, 894 F.3d at 121; *see also Fleming v. Assoc. Credit Servs., Inc.*, 342 F. Supp. at 575-76 (D.N.J. 2018) (*quoting Pinkus v. Sirius XM Radio, Inc.*, 319 F. Supp. 3d 927, 935 (N.D. Ill. 2018)); *Richardson v. Verde Energy USA, Inc.*, 354 F. Supp. 3d 639, 647 (E.D. Pa. 2018). In *Fleming*, the defendant's predictive dialing platform "placed its calls off of a stored list that was uploaded and then dialed." 342 F. Supp. 3d at 572. The court held that because the phone numbers were not "randomly or sequentially generated for

15

placement onto that campaign database call list," the system did not meet the statutory definition of an ATDS, and granted the defendant summary judgment. *Id.* at 577-78.

Like the dialer in *Fleming*, Defendant's dialer "cannot produce numbers to be dialed using a random or sequential number generator.  Nor does it use an artificial or pre-recorded voice."  342 F.Supp.3d at 568.  Plaintiffs do not, because they cannot, allege that Defendant dialed their respective numbers (or the number of any putative class member) randomly or sequentially.  In fact, Plaintiffs allege that Defendant called their respective numbers as a result of (what Plaintiffs argue was deficient) oral consent.  *E.g.*, Compl. at ¶ 29.  The undisputed record will show that Plaintiffs were called based on interest they expressed in receiving residential solar panels from Defendant and not as the result of random number generation.  If necessary, Defendant can and will demonstrate that the dialer it employed does not and cannot qualify as an ATDS under the TCPA.

## CONCLUSION

For the forgoing reasons, Defendant respectfully requests that any decision in this case should be stayed for at least four months while the constitutionality of the TCPA is under consideration by the United States Supreme Court.  If this case proceeds, Defendant respectfully requests that the Court dismiss Plaintiffs' claims or, in the alternative, permit an immediate motion for summary judgment.

Dated: Florham Park, New Jersey
      February 11, 2020

                        SCHENCK, PRICE, SMITH & KING, LLP

                        By:    s/ Thomas J. Cotton
                                Thomas J. Cotton

                        220 Park Avenue, P.O. Box 991
                        Florham Park, NJ 07932-0991

Telephone:  (973) 539-1000
Fax: (973) 540-7300

tjc@spsk.com

*Attorneys for Defendant,*
*Pro Custom Solar LLC d/b/a Momentum Solar*

17