**Thomas J. Cotton, Esq.**
SCHENCK, PRICE, SMITH & KING, LLP
220 Park Avenue, P.O. Box 991
Florham Park, New Jersey 07932-0991
(973) 539-1000
*Attorneys for Defendant,*
*Pro Custom Solar LLC d/b/a Momentum Solar*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEWART SMITH and BRENNAN LANDY, individually and on behalf of all others similarly situated, | CIVIL ACTION<br><br>No. 2:19-cv-20673 |
| Plaintiffs, | **REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO STAY THE CASE** |
| v. | |
| PRO CUSTOM SOLAR LLC d/b/a MOMENTUM SOLAR, | Oral Argument Requested |
| Defendant. | Motion Date: March 16, 2020 |

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................ 1

LEGAL ARGUMENT ........................................................................................................ 1

I. THE CONSTITUTIONALITY OF THE ENTIRE TCPA IS
   SUBJECT TO SUPREME COURT REVIEW, AND THERE IS
   REASONABLE LIKELIHOOD THAT THE ENTIRE TCPA
   WILL BE DEEMED UNCONSTITUTIONAL ................................................... 1

   A. After claiming that Defendant misrepresents the scope of
      the Supreme Court's review, Plaintiffs are forced to
      concede that the Supreme Court is indeed reviewing the
      constitutionality of the entire TCPA .......................................................... 1

   B. The Supreme Court is certainly likely to deal with the
      TCPA as a whole, rather than usurp the legislative role
      of re-drafting discrete components ............................................................ 2

II. A LIMITED STAY SHOULD BE ENTERED DURING THE
    PENDENCY OF THE SUPREME COURT'S REVIEW,
    IN-LINE WITH STAYS ENTERED BY OTHER COURTS
    CONSIDERING TCPA CLAIMS ........................................................................ 3

   A. Plaintiff's opposition merely offers generic reasons
      to counter the stay request, and those generic
      reasons have no real connection to this litigation ..................................... 3

   B. Courts facing the same TCPA claims have entered
      the same stay that Defendant requests ....................................................... 4

CONCLUSION .................................................................................................................... 5

# TABLE OF AUTHORITIES

**Cases**

*Barr v. Political Consultants*, No. 19-631 ................................................................................ 1, 2

*Perrong v. Liberty Power Corp, L.L.C.*, No. 1:18-cv-0712 (D. Del.) ........................................... 5

*Rappa v. Newcastle*, 18 F.3d 1043 (3d Cir. 1994) ..................................................................... 2, 3

*Seefeldt v. Entertainment Consulting International, LLC*, No. 4:19-cv-0188,
   2020 U.S. Dist. LEXIS 31815, at *1-2 (E.D. Mo. Feb. 25, 2020) .............................................. 4

*Wright v. EXP Realty*, No. 6:18-cv-1851 (M.D. Fla. Feb. 7, 2020) .............................................. 5

Pro Custom Solar LLC d/b/a Momentum Solar ("Defendant"), by and through its undersigned counsel, respectfully submits this reply memorandum of law, in further support of its motion to stay the case initiated by plaintiffs Stewart Smith and Brennan Landy (collectively, "Plaintiffs").

## PRELIMINARY STATEMENT

In its initial papers, Defendant provided a comprehensive explanation of the legal support for the requested stay. A stay will simplify issues and promote judicial economy, strike a balance with respect to the parties' interests that avoids potential harm, and the stay will only run for a set, limited period of time. Defendant's motion lines up precisely with the factors considered in this Circuit for granting a stay.

In their opposition, Plaintiffs attempt to cast the potential unconstitutionality of the entire TCPA as a "pie-in-the-sky" or "farfetched" possibility. Plaintiffs are, at best, understating the realities of how the Court may address an unconstitutional statute. Plaintiffs wholly ignore the implications for this case if they are incorrect. They also ignore Third Circuit precedent and the recent actions of other Courts faced with the same question in recent weeks.

## LEGAL ARGUMENT

I.  **THE CONSTITUTIONALITY OF THE ENTIRE TCPA IS SUBJECT TO SUPREME COURT REVIEW, AND THERE IS A REASONABLE LIKELIHOOD THAT THE ENTIRE TCPA WILL BE DEEMED UNCONSTITUTIONAL.**

   A.  **After claiming that Defendant misrepresents the scope of the Supreme Court's review, Plaintiffs are forced to concede that the Supreme Court is indeed reviewing the constitutionality of the entire TCPA.**

One cannot plausibly argue that the TCPA's constitutionality is outside the realm of the Supreme Court's review in *Barr v. Political Consultants*, No. 19-631. Curiously, Plaintiffs attempt to do just that.

Plaintiffs implausibly contend that the TCPA's constitutionality is not at issue. Plaintiffs go on to argue that Defendant falsely represented the scope of the Supreme Court's review in advising that *Barr* includes a global constitutionality question. Opp. at 1 ("[Defendant] misleadingly frames an upcoming Supreme Court case as bearing on the constitutionality of the entire TCPA . . . .").

Of course, Plaintiffs are forced to double back on their own argument. After baldly accusing Defendant of attempting to deceive this Court, Plaintiffs go on to concede that the TCPA's constitutionality is indeed being reviewed by the Supreme Court. Opp. at 7. Plaintiffs then concede that they cannot possibly know which way the Supreme Court will go.

In short, even Plaintiffs do not view their opening argument to be compelling. The TCPA's constitutionality is an open question in *Barr*. For the reasons discussed below, the uncertainties surrounding that question's answer call for a limited stay.

**B.    The Supreme Court is certainly likely to deal with the TCPA as a whole, rather than usurp the legislative role of re-drafting discrete components.**

It is well-established that, when dealing with the unconstitutional speech restrictions, the subject statutes should be stricken and returned to legislature for correction. One need look no farther than this Circuit for just that guidance.

In *Rappa v. Newcastle*, 18 F.3d 1043 (3d Cir. 1994), the court faced an ordinance limiting roadside signs. It barred the plaintiff's political campaign sign, but included exceptions for government, historical, and highway beautification signs. *Id.* at 1047. Thus, it favored certain government and government-endorsed speech. *Id.* at 1079. Despite a severability clause, the court refused "to strike down an exception, in part because of the special status of speech in our constitutional scheme." *Id.* at 1073.

Where a law is found to be unconstitutional, the proper remedy is to strike that law, not ask the Court to re-draft it. *Id.* at 1072-75. Writing laws is for Congress. The Third Circuit in *Rappa* confirmed that the proper remedy for content discrimination cannot be to rewrite a statute and restrict more speech. *Id.* Like the lawn signs in *Rappa*, the TCPA is a cohesive protocol with restrictions and exceptions that work in tandem. It is (at a minimum) reasonable to expect that the Supreme Court may agree with the approach of the Third Circuit in *Rappa* and find that the TCPA must stand or fall as one statute.

II. **A LIMITED STAY SHOULD BE ENTERED DURING THE PENDENCY OF THE SUPREME COURT'S REVIEW, IN-LINE WITH STAYS ENTERED BY OTHER COURTS CONSIDERING TCPA CLAIMS.**

As explained in greater detail within Defendant's initial papers, the *Landis* factors clearly call for the limited stay that Defendant requests. Plaintiff's opposition does not provide any real reason to question the application of those factors. Moreover, the same stay has been entered by other courts in light of the same uncertainty as to the TCPA's constitutionality.

    A.    **Plaintiff's opposition merely offers generic reasons to counter the stay request, and those generic reasons have no real connection to this litigation.**

Plaintiffs only cite two reasons to oppose the stay. Neither of Plaintiffs' reasons survive any modicum of scrutiny.

First, Plaintiffs contend that witness memories will fade. Plaintiffs stop short of describing who these witnesses are, what topics they would testify to, when their memories might fade, or how their hypothetical testimony is unique and exclusive. That is because there are no witnesses, critical to this case, whose memories will fade during the life of a four-month stay. This will be a documents-driven litigation, assuming there is still a litigation after the Supreme Court's decision. A document's memory is not at risk of fading.

3

Second, Plaintiffs speculate that evidence might become unavailable. If Plaintiffs are asserting that Defendant might destroy evidence during the four-month stay, they provide no evidence of their own to substantiate this serious accusation.

Ultimately, Plaintiffs' attempt at arguing against the stay is as much an argument for it. Plaintiffs argue that Defendant is seeking a stay due to the likelihood that the entire TCPA, which is the entire foundation of Plaintiffs' case, will cease to be. That is exactly why Defendant is requesting the stay. Any party concerned with time and money should be concerned about starting a TCPA case if the TCPA might not survive the winter. All parties and this Court will benefit from a stay.

> **B.     Courts facing the same TCPA claims have entered the same stay that Defendant requests.**

The relief that Defendant requests has been entered by other courts in other TCPA litigations.

In *Seefeldt v. Entertainment Consulting International, LLC*, No. 4:19-cv-0188, 2020 U.S. Dist. LEXIS 31815, at *1-2 (E.D. Mo. Feb. 25, 2020), the Court stayed a TCPA case pending resolution by the Supreme Court's assessment of the statute's constitutionality. The *Seefeldt* court also discussed the possibility that the Supreme Court could take up *Duguid v. Facebook*, an appeal from the Ninth Circuit Court of Appeals that goes to the heart of the ATDS definition. *Id.* at *9.

"[W]hat the Supreme Court has accepted review of—particularly, whether the government-debt exception is severable from the TCPA if deemed unconstitutional—risks a potential total collapse of the TCPA . . . ." *Id.* The *Seefeldt* court relied on *Landis* to hold that the potential prejudice or hardship to the parties, as well as the interests of judicial economy, all

4

favored a stay. *Id.* at *9-12. "[H]aving studied the matter carefully, it seems the best approach is to wait for much-needed clarity from the Supreme Court . . . ." *Id.* at *9

Similarly, in *Wright v. EXP Realty*, No. 6:18-cv-1851 (M.D. Fla. Feb. 7, 2020), the court found that any proceedings prior to the Supreme Court's decision would be "a waste of judicial resources and a waste of the parties' time and energy." Slip Op. at 2.

In *Perrong v. Liberty Power Corp, L.L.C.*, No. 1:18-cv-0712 (D. Del.), decided within the past few days, the court also granted a stay pending the Supreme Court's decision. The court did so summarily, via minute entry.

Respectfully, this Court should similarly exercise its sound discretion and grant the stay requested by Defendant.

## **CONCLUSION**

For the forgoing reasons, Defendant respectfully requests that any decision in this case should be stayed for at least four months while the constitutionality of the TCPA is under consideration by the United States Supreme Court.

Dated: Florham Park, New Jersey
March 9, 2020

                SCHENCK, PRICE, SMITH & KING, LLP

                By:   s/ Thomas J. Cotton
                        Thomas J. Cotton

                220 Park Avenue, P.O. Box 991
                Florham Park, NJ 07932-0991
                Telephone: (973) 539-1000
                Fax: (973) 540-7300

                tjc@spsk.com

                *Attorneys for Defendant,*
                *Pro Custom Solar LLC d/b/a Momentum Solar*