**Thomas J. Cotton, Esq.**
SCHENCK, PRICE, SMITH & KING, LLP
220 Park Avenue, P.O. Box 991
Florham Park, New Jersey 07932-0991
(973) 539-1000
*Attorneys for Defendant,*
*Pro Custom Solar LLC d/b/a Momentum Solar*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEWART SMITH and BRENNAN LANDY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PRO CUSTOM SOLAR LLC d/b/a MOMENTUM SOLAR,<br><br>Defendant. | CIVIL ACTION<br><br>No. 2:19-cv-20673<br><br>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**<br><br>Oral Argument Requested<br><br>Motion Date: August 17, 2020 |

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

LEGAL ARGUMENT

I.    PLAINTIFFS' COMPLAINT FAILS TO ALLEGE THE ELEMENTS REQUIRED TO ESTABLISH LIABILITY UNDER THE TCPA .................................. 1

II.    ALTERNATIVELY, DEFENDANT RESPECTFULLY REQUESTS PERMISSION TO FILE A MOTION FOR SUMMARY JUDGMENT DEMONSTRATING THAT THE DIALER AT ISSUE DOES NOT QUALIFY AS AN ATDS ....................................................................................... 5

CONCLUSION ...................................................................................................................... 7

## **TABLE OF AUTHORITIES**

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 679 (2009) .......................................................................... 2

*Dominguez v. Yahoo! Inc.,* 894 F.3d 116, 121 (3d Cir. 2018) ..................................................... 3, 6

*Dominguez v. Yahoo!,* 629 F. App'x 369, 372 (3d Cir. 2015) ........................................................ 4

*Douek v. Bank of Am. Corp.*, 2017 WL 4882492 (D.N.J. Oct. 30, 2017) ...................................... 4

*Fleming v. Assoc. Credit Servs., Inc.*, 342 F. Supp. at 563, 568, 572,
    574-76 (D.N.J. 2018) .................................................................................................................3, 6

*Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458 (7th Cir. 2020) ................................................... 3, 6

*Gesten v. Stewart Law Grp., LLC*, 67 F. Supp. 3d 1356, 1358 (S.D. Fla. 2014) ............................ 4

*Glasser v. Hilton Grand Vacations Co., LLC*, 948 F.3d 1301 (11th Cir. 2020) ......................... 3, 6

*Montinola v. Synchrony Bank*, 2018 WL 4110940, at *1–2 (D.N.J. Aug. 28, 2018) ................. 1, 2

*Pinkus v. Sirius XM Radio, Inc.,* 319 F. Supp. 3d 927, 935, 938 (N.D. Ill. 2018) ...................... 4, 6

*Richardson v. Verde Energy USA, Inc.,* 354 F. Supp. 3d 639, 647 (E.D. Pa. 2018) .................. 3, 6

*Trumper v. GE Capital Retail Bank*, 79 F. Supp. 3d 511, 513 (D.N.J. 2014) ................................ 4

*Viggiano v. Kohl's Dep't Stores, Inc.*, 2017 WL 5668000, at *2 (D.N.J. Nov. 27, 2017) ............. 2

**Statutes**

47 U.S.C. § 227(a)(1) ...................................................................................................................... 2

47 U.S.C. § 227(b)(1)(A) ................................................................................................................ 5

47 U.S.C. § 227, *et seq.* .................................................................................................................. 1

**Rules**

Rule 12(b)(6) .......................................................................................................................... 1, 2, 5

Pro Custom Solar LLC d/b/a Momentum Solar ("Defendant"), by and through its undersigned counsel, hereby moves this Court for a dismissal of the claims lobbed by plaintiffs Stewart Smith and Brennan Landy (collectively, "Plaintiffs") under Federal Rule of Civil Procedure 12(b)(6).

## PRELIMINARY STATEMENT

Plaintiffs' one-count complaint seeks recovery of statutory damages under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

Plaintiffs' complaint warrants dismissal. Plaintiffs fail to state a valid claim under the TCPA because they failed to allege the necessary elements for liability; warranting dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

If the Court finds that Plaintiffs have pled a sufficient claim against Defendant based on the low pleading standard and deference given plaintiffs in such motions, Defendant respectfully requests that the Court immediately set a briefing schedule for Defendant's motion for summary judgment under Rule 12(b)(6). That motion would center on the issue that the dialer used to place the calls does not, as a matter of law, qualify as an automatic telephone dialing system ("ATDS") and that the dialer did not, as a matter of law, make use of a prerecorded voice.

## LEGAL ARGUMENT

### I. PLAINTIFFS' COMPLAINT FAILS TO ALLEGE THE ELEMENTS REQUIRED TO ESTABLISH LIABILITY UNDER THE TCPA.

A claim must be dismissed when it fails to state a claim upon which relief can be granted. *Montinola v. Synchrony Bank*, 2018 WL 4110940, at *1–2 (D.N.J. Aug. 28, 2018). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Viggiano v. Kohl's Dep't Stores, Inc*., 2017 WL 5668000, at

1

\*2 (D.N.J. Nov. 27, 2017) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  A claim is plausible when the pleaded factual content allows the court to draw the reasonable inference that a defendant is liable for the misconduct alleged.  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires [it] to draw on its judicial experience and common sense." *Id* (citing *Iqbal*, 556 U.S. at 678).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id.* (citing *Iqbal*, 556 U.S. at 679).  Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Montinola*, 2018 WL 4110940, at \*1.  A complaint must contain more than labels and conclusions, and a formulaic recitation of the elements of a cause of action to survive a motion to dismiss.  *Viggiano*, 2017 WL 5668000, at \*2.  Plaintiffs' complaint fails to meet the controlling standard and should be dismissed under Rule 12(b)(6).

<u>First</u>, Plaintiffs fail to validly allege the use of an ATDS.  The TCPA defines an "automatic telephone dialing system" to mean "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers."  47 U.S.C. § 227(a)(1).  Plaintiffs fail to allege multiple elements required to establish liability under the TCPA.

Plaintiffs' complaint alleges that the dialer at issue "has the capacity to store, produce, and dial random or sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse,* in an automated fashion without human intervention."  Compl. at ¶ 10.  Plaintiffs do not identify the dialer or provide any factual basis for these allegations;

however, that is secondary to the fact that Plaintiffs' stated definition is inconsistent with the controlling definition of an ATDS. As this Court has previously confirmed, the mere presence of a "predictive dialer" is not sufficient to meet the definition of an ATDS under the TCPA. *Fleming v. Assoc. Credit Srvs., Inc.,* 342 F. Supp. 3d 563, 574 (D.N.J. 2018) (McNulty, J.) ("I hold that when the D.C. Circuit vacated the 2015 FCC Declaratory Ruling it also necessarily set aside the parts of the previous 2003 and 2008 FCC Orders that ruled that a predictive dialer was impermissible under the TCPA.") In *Dominguez,* the Third Circuit held that the critical inquiry—post *ACA International*—is whether the technology at issue can "function as an autodialer by generating random or sequential telephone numbers and dialing those numbers." *Dominguez v. Yahoo! Inc.,* 894 F.3d 116, 121 (3d Cir. 2018). The inquiry is no longer whether the technology could dial from a list in an automated fashion. *See id.; see also Richardson v. Verde Energy USA, Inc.,* 354 F. Supp. 3d 639, 647 (E.D. Pa. 2018). This year alone, the 11th and 7th Circuits have adopted similar views of the ATDS definition—with which Plaintiffs' complaint fails to align. *Glasser v. Hilton Grand Vacations Co., LLC*, 948 F.3d 1301 (11th Cir. 2020); *Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458 (7th Cir. 2020).

Despite that established standard and controlling precedent in this Circuit, Plaintiffs rest their claims on an allegation that Defendant is responsible for calls placed using a predictive dialer. Plaintiffs allege merely that the technology at issue dials telephone numbers from a list without human intervention. Compl. at ¶ 10. That is insufficient to meet the definition of an ATDS established by the Third Circuit in *Dominguez. Fleming,* 342 F.Supp.3d at 576. As Your Honor has previously stated: "The phrase 'using a random or sequential number generator,' I believe, applies to the manner in which the numbers make their way onto the list—not to the

3

manner in which the numbers are dialed once they are on the list." *Id.* at 576; *see also Pinkus v. Sirius XM Radio, Inc.,* 319 F. Supp. 3d 927, 938 (N.D. Ill. 2018).  That is consistent with the Third Circuit's earlier consideration of that that question, where it confirmed that "the definition of 'random and sequential' number generation . . . refers to the numbers themselves rather than the manner in which they are dialed." *Dominguez v. Yahoo!,* 629 F. App'x 369, 372 (3d Cir. 2015).  Because Plaintiffs' allegations concerning the technology at issue here are inconsistent with the controlling definition of an ATDS, they have not stated a valid claim upon which relief could be granted.

Second, Plaintiffs fail to validly allege the use of a prerecorded voice.  A pleading that merely alleges a voice is prerecorded, without more, is a pleading that will not survive dismissal. *See Trumper v. GE Capital Retail Bank*, 79 F. Supp. 3d 511, 513 (D.N.J. 2014) (emphasizing that the pleading "provides no factual allegations suggesting that that the voice on the other end of the line was prerecorded"); *see also Douek v. Bank of Am. Corp.*, 2017 WL 4882492 (D.N.J. Oct. 30, 2017) (granting dismissal motion due to the plaintiff's insufficient allegations of a prerecorded voice).

Plaintiffs put forth no allegations regarding the allegedly prerecorded voice, beyond the self-serving allegation that they received a call featuring a prerecorded voice.  That is not enough. *Compare Gesten v. Stewart Law Grp., LLC*, 67 F. Supp. 3d 1356, 1358 (S.D. Fla. 2014) (noting that the plaintiff described the voices as having "disjointed cadence and a timbre which suggest they were created with an artificially produced voice").

Third, it is relevant that Plaintiffs do not allege that Defendant called them without consent.  Consent is a fully dispositive defense to Plaintiffs' TCPA claim.  47 U.S.C.

§ 227(b)(1)(A). But Plaintiffs do not, because they cannot, allege that any calls from Defendant were placed without consent. To be clear, Plaintiffs allege they "never provided any consent *for an initial call*" and then speak to "retroactive consent." Compl. at ¶¶ 23, 29 (emphasis added). Plaintiffs state these allegations carefully to *imply* a lack of consent; however, the gap between their allegations are both important and dispositive. Plaintiffs do not, because they cannot, allege that the "initial call" came from Defendant. They argue regarding "retroactive consent" because they know that they *did provide consent* for Defendant's subsequent call. Tellingly, Plaintiffs never allege that Defendant lacked consent for any call it placed to them. Plaintiffs' failure to allege that Defendant called their respective telephone numbers without consent is fatal to their claims.

Dismissal under Rule 12(b)(6) is warranted.

## II.  ALTERNATIVELY, DEFENDANT RESPECTFULLY REQUESTS PERMISSION TO FILE A MOTION FOR SUMMARY JUDGMENT DEMONSTRATING THAT THE DIALER AT ISSUE DOES NOT QUALIFY AS AN ATDS.

Even if the Court accepts that Plaintiffs have alleged enough to defeat a Motion to Dismiss (which they have not), Plaintiffs' factual basis is lacking and, once evidence of the dialer at issue is established, Defendant will be entitled to judgment as a matter of law. Thus, if the Court permits Plaintiffs' complaint to stand, Defendant respectfully requests that the Court set an immediate schedule for Defendant to move this Court for summary judgment on the basis that the dialer at issue does not qualify as an ATDS and did not use a prerecorded voice.

It would be a waste of resources for the Court and parties to engage in extensive pre-trial discovery, depositions, and motion practice only for the Court to dismiss these claims as a matter of law because the undisputed dialer at issue does not meet the Third Circuit's criteria of

unlawful.  As discussed above, under controlling Third Circuit precedent, held in *Dominguez*, the technology at issue can "function as an autodialer by generating random or sequential telephone numbers and dialing those numbers."  *Dominguez,* 894 F.3d at 121; *see also Fleming v. Assoc. Credit Servs., Inc*., 342 F. Supp. at 575-76 (D.N.J. 2018) (*quoting Pinkus,* 319 F. Supp. 3d at 935); *Richardson,* 354 F. Supp. 3d at 647; *see also Glasser*, 948 F.3d 1301; *Gadelhak*, 950 F.3d 458.

In *Fleming*, the defendant's predictive dialing platform "placed its calls off of a stored list that was uploaded and then dialed."  342 F. Supp. 3d at 572.  The Court held that because the phone numbers were not "randomly or sequentially generated for placement onto that campaign database call list," the system did not meet the statutory definition of an ATDS and granted the defendant summary judgment.  *Id*. at 577-78.

Like the dialer in *Fleming*, Defendant's dialer "cannot produce numbers to be dialed using a random or sequential number generator.  Nor does it use an artificial or pre-recorded voice."  342 F. Supp. 3d at 568.  Plaintiffs do not, because they cannot, allege that Defendant dialed their respective numbers (or the number of any putative class member) randomly or sequentially.  In fact, Plaintiffs allege that Defendant called their respective numbers as a result of (what Plaintiffs argue was deficient) oral consent.  *E.g.*, Compl. at ¶ 29.  The undisputed record will show that Plaintiffs were called based on interest they expressed in receiving residential solar panels from Defendant and not as the result of random number generation.  If necessary, Defendant can and will demonstrate that the dialer it employed does not and cannot qualify as an ATDS under the TCPA—and that it did not make use of a prerecorded voice.

## **CONCLUSION**

For the forgoing reasons, Defendant respectfully requests that the Court dismiss Plaintiffs' claims or, in the alternative, permit an immediate motion for summary judgment.

Dated: Florham Park, New Jersey
July 23, 2020

SCHENCK, PRICE, SMITH & KING, LLP

By: s/ Thomas J. Cotton
Thomas J. Cotton

220 Park Avenue, P.O. Box 991
Florham Park, NJ 07932-0991
Telephone: (973) 539-1000
Fax: (973) 540-7300

tjc@spsk.com

*Attorneys for Defendant,*
*Pro Custom Solar LLC d/b/a Momentum Solar*