## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEWART SMITH and BRENNAN LANDY, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>PRO CUSTOM SOLAR LLC d/b/a MOMENTUM SOLAR, a New Jersey limited liability company,<br><br>    Defendants. | **Civil Action No. 2:19-cv-20673-KM-ESK** |

**1.** Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

**For Plaintiffs:**

**Patrick H. Peluso**
**Woodrow & Peluso, LLC**
**3900 East Mexico Avenue**
**Suite 300**
**Denver, Colorado 80210**
**Tel: 720-213-0676**
**Fax: 303-937-0809**

**For Defendant:**

**Thomas Cotton**

**Schenck Price Smith & King LLP**
**220 Park Avenue**
**Florham Park, NJ 07932**
**Phone: 973-539-1000**

2.  Set forth a brief description of the case, including the causes of action and defenses asserted.

**Plaintiffs have alleged certain violations under the Telephone Consumer Protection Act of 1991, 41 U.S.C. § 227, *et seq.* ("TCPA"), specifically unsolicited telemarketing calls that featured an artificial or prerecorded voice. This case is an alleged class action.**

**Defendant denies that it violated the TCPA. Indeed, the allegations in Plaintiffs' complaint do not state a claim for TCPA violation.**

3.  Have settlement discussions taken place? **The Parties have engaged in initial settlement discussions, but settlement does not appear eminent. The Parties will continue to discuss settlement as the case progresses.**

4.  The parties <u>have</u> met pursuant to Fed. R. Civ. P. 26(f).

5.  The parties **have not** exchanged the information required by Fed. R. Civ. P. 26(a)(1). **Plaintiffs propose that such information be exchanged by August 18, 2020. Defendant proposes that such information be exchanged within 14 days of the Court's decision on Defendant's planned application to stay and/or bifurcate discovery, and then only if that application is denied. The reasons to stay and/or bifurcate discovery are discussed in greater detail below.**

**Plaintiffs do not believe a stay pending resolution of Defendant's motion to dismiss is appropriate.**

6.  Explain any problems in connection with completing the disclosures required by Fed R. Civ. P. 26(a)(1). **None**.

7.  The parties **have not** conducted discovery other than the above disclosures. If so, describe.

8. Proposed joint discovery plan:

**Plaintiffs propose that discovery should proceed with respect to both class and merits issues for a period of ten (10) months. The first eight (8) months will be devoted to written and oral fact discovery. The final two (2) months will be devoted to experts. At the close of this ten (10) month period, the Parties would brief class certification. Following a ruling on class certification the Court would hold a subsequent case management conference and establish a schedule for the remainder of the case, including a period for any remaining merits-based discovery, and dates for summary judgment briefing, pre-trial conferences, and trial.**

**Plaintiffs also oppose Defendant's proposal to bifurcate discovery. While in certain cases bifurcating between class and merits discovery makes sense, here any so-called "merits" issues are so intertwined with the class issues that attempting to separate them would only lead to confusion, disagreement, and the need for Court supervision.** *See Manual for Complex Litig*. **§ 11.214 (4th. ed) (The court should ascertain what discovery on class questions is needed for a certification ruling and how to conduct it efficiently and economically….Discovery may proceed concurrently if bifurcating class discovery from merits discovery would result in significant duplication of effort and expense to the parties.")**

**Indeed, phasing discovery in such a way would give Defendant a free bite at the apple. That is, the one-way intervention rule, which bars granting class certification after the merits have already been decided in a plaintiff's favor, would preclude Plaintiffs, but not Defendant, from moving for summary judgment prior to class certification.** *Gessele v. Jack in the Box, Inc.*, **No. C10–0960, 2012 WL 3686274, at \*3 (D. Or. Aug. 24, 2012) (quotations omitted).**

**In short, under Defendant's plan, Plaintiffs would need to first clear the hurdle of proving they can beat summary judgment on their individual claims without any corresponding ability to seek summary judgment in their favor. Then, only after surviving summary judgment would Plaintiffs be able to seek discovery related to class certification—which will take months to gather. Bifurcating discovery is therefore not only unnecessary in this case, but also unreasonable and prejudicial to Plaintiffs.**

**Defendant proposes that discovery be stayed during the pendency of its dismissal motion.  As explained in greater detail within their dismissal**

papers, Plaintiffs' complaint simply fails to state a claim for violation of the TCPA.  The telephone technology that Defendant is alleged to have used, even if the allegations are assumed true, does not run afoul of the TCPA statute or its attendant regulations.

The District of New Jersey considers various factors to determine whether a stay should be granted:  (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of the stay would create a "clear case of hardship or inequity"; (3) whether a stay would simplify the issues and the trial of the case; and (4) whether discovery is complete and/or a trial date has been set.  *Akishev v. Kapustin*, 23 F. Supp. 3d 440, 446 (D.N.J. 2014).

Those factors call for Defendant's proposal to be adopted.  Defendant's pending motion could, and very well may, terminate this litigation.  Any resources dedicated by the parties or this Court to discovery would be an unnecessary waste.  When comparing an immediate start to discovery against a linear approach that accounts for the dismissal motion, there is nothing to gain and much to lose if starting immediately.  But perhaps most significantly: <u>There are multiple plaintiffs raising multiple liability theories.  Even if this Court only enters a partial dismissal, that would serve to narrow the focus of discovery and would allow all parties to equally benefit from a stay.</u>

If discovery is not stayed while the dismissal motion is pending, Defendant then proposes (in the alternative) that discovery be bifurcated.  In the first phase, the parties can conduct discovery on the merits of Plaintiffs' individual claims.  In the second phase, the parties can conduct discovery on all remaining issues—with a primary focus on the issues relevant to class certification.

Similar to Defendant's proposal for an overarching stay, Defendant's bifurcation proposal is in-line with the District of New Jersey's governing standard.  A Court may bifurcate the issues in a case pursuant to Rule 42(b) when such an action would be "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy."  *Princeton Biochemicals, Inc. v. Beckman Instruments, Inc.*, 180 F.R.D. 254, 256 (D.N.J. 1997).

Bifurcation, as an alternative to a stay, is well-suited for this litigation.  *See Physicians Healthsource, Inc. v. Janssen Pharms., Inc.*, No. 12-cv-2132, 2014 U.S. Dist. LEXIS 13523 (D.N.J. Feb. 4, 2014) (granting defendant's bifurcation request, with a lengthy discussion regarding the efficiencies of bifurcation in a putative class action brought under the TCPA).  Plaintiffs face a pending motion that raises numerous arguments for dismissal, any one of which is sufficient to terminate this litigation.  Should Plaintiffs survive,

**focusing discovery on these narrow threshold issues first—before proceeding with class discovery—could result in a dispositive, case-ending motion. That is because Plaintiffs cannot serve as class representatives if Defendant prevails on a motion for summary judgment on their individual claims.**

**Should the Court so require, Defendant can provide additional legal and factual support for its stay proposal and its alternative proposal for bifurcation. If this Court is disinclined to grant either request during the Rule 16 conference, Defendant respectfully requests leave to submit a formal motion (or a letter motion) and further requests that discovery be stayed while its application to stay and/or bifurcate is pending.**

9.   Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)? **Yes.** If so, please explain. **Certain witnesses are located out of state and, given the pandemic, the Parties anticipate that depositions will be conducted remotely.**

10.   Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced? **Not at this time, though we anticipate that electronic discovery will be implicated**.

If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc. **Parties will discuss e-discovery procedures and protocol, both with respect to disclosures attendant to mediation and with respect to formal discovery**. **The Parties will work cooperatively to resolve any ESI issues if they arise.**

11.   Do you anticipate entry of a Discovery Confidentiality Order? See L.Civ.R. 5.3(b) and Appendix S. **Yes, to the extent that certain information at issue may be confidential and proprietary and trade secret information**. **The parties will submit a proposed form of Order in accordance with the local rules if the need arises.**

12.   Do you anticipate any discovery problem(s) not listed above? Describe. **No**.

13.   State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local

5

Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.). **Mediation may be appropriate after a period of discovery and once the precise size and scope of the alleged class is understood.**

14. Is this case appropriate for bifurcation? **As explained above, Defendant proposes bifurcation. Plaintiffs do not believe that discovery should be bifurcated.**

15. An interim status/settlement conference (with clients in attendance), should be held: **After a ruling is issued regarding class certification.**

16. We **do not** consent to the trial being conducted by a Magistrate Judge.

17. Identify any other issues to address at the Rule 16 Scheduling Conference. **None at this time.**

Dated: July 30, 2020

Respectfully submitted,                                    Respectfully submitted,

By:   *s/ Patrick H. Peluso*                               By:   *s/ Thomas J. Cotton*
      Patrick H. Peluso                                        Thomas J. Cotton

**WOODROW & PELUSO, LLC**                                  **SCHENCK, PRICE, SMITH & KING LLP**
Patrick H. Peluso*                                         Thomas J. Cotton
Taylor T. Smith*                                           tjc@spsk.com
ppeluso@woodrowpeluso.com                                  220 Park Avenue
tsmith@woodrowpeluso.com                                   Florham Park, NJ 07932
3900 E. Mexico Ave., Suite 300                             Tel: 973-539-1000
Denver, Colorado 80210
Tel: 720-213-0675

Counsel for Plaintiff                                      Counsel for Defendant
*Pro Hac Vice*