Ari Marcus, Esq.
Marcus & Zelman, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
Tel: 732-695-3282
Fax: 732-298-6256
ari@marcuszelman.com
[Additional counsel appearing on signature page]

*Counsel for Plaintiffs and the Putative Class*

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEWART SMITH and BRENNAN LANDY, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>PRO CUSTOM SOLAR LLC d/b/a MOMENTUM SOLAR, a New Jersey limited liability company,<br><br>*Defendant.* | CIVIL ACTION<br><br>Case No. 2:19-cv-20673<br><br>**RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY**<br><br>Motion Date: March 16, 2020 |

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................................................ ii

**I.      INTRODUCTION** ..................................................................................1

**II.     SUMMARY OF THE CLAIMS**.................................................................2

**III.    ARGUMENT** ..........................................................................................3

      **A.    Plaintiffs Have Sufficiently Alleged TCPA Violations, Including
             The Use Of An Autodialer And The Lack Of Consent** ...................4

      **B.    The Facts Of This Case Remain Disputed, And Summary
             Judgment Before Any Discovery Would Be Inappropriate**............9

**IV.    CONCLUSION** ......................................................................................12

# TABLE OF AUTHORITIES

**CASES**

*Battaglia v. Quicken Loans, Inc.,* No. 18-CV-1104,

    2019 WL 430042 (W.D.N.Y. Feb. 4, 2019)......................................................................6

*Boger v. Citrix Sys., Inc.*, No. 8:19-CV-01234-PX,

    2020 WL 1033566 (D. Md. Mar. 3, 2020)....................................................................11

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)....................................................................5

*Caleb v. CRST, Inc.*, 43 Fed. Appx. 513 (3d Cir. 2002)..................................................................5

*Conley v. Gibson*, 355 U.S. 41 (1957)............................................................................................5

*Doe v. Abington Friends Sch.*, 480 F.3d 252 (3d Cir. 2007).........................................................9

*Douek v. Bank of Am. Corp.*, Civ. No. 17-2313,

    2017 WL 3835700 (D. N.J. Sept. 1, 2017)..................................................................5, 7

*Dowling v. City of Philadelphia*, 855 F.2d 136 (3d Cir. 1988) ....................................................9

*Hubicki v. ACF Indus., Inc.*, 484 F.2d 519 (3d Cir. 1973) ............................................................9

*Marshall-Silver Construction Co. v. Mendel*, 894 F.2d 593 (3d Cir.1990) ...............................5

*Pederson v. Donald J. Trump for President, Inc.*, No. CV 19-2735

    2020 WL 3047779 (D. Minn. June 8, 2020) .................................................................6

*Radich v. Goode*, 886 F.2d 1391 (3d Cir. 1989) .........................................................................10

*Rupert v. PPG Industries, Inc.*, No. 07cv0705,

    2007 WL 3125092 (W.D. Pa. Oct. 24, 2007)................................................................5

*Shelton v. Nat'l Gas & Elec., LLC*, Civ. No. 17-4063,

    2019 WL 1506378 (E.D. Pa. Apr. 5, 2019) ................................................. 6, 8

*Whitehead v. Ocwen Loan Servicing, LLC*, No. 2:18-cv-470-FtM-99MRM,

    2018 WL 5279155 (M.D. Fla. Oct. 24, 2018) ................................................... 6

*Zeidel v. Nat'l Gas & Elec., LLC,* No. 18 CV 06792

    2019 WL 2161546 (N.D. Ill. May 17, 2019) ..................................................... 6

**STATUTES, RULES, AND OTHER SOURCES**

Fed. R. Civ. P. 56 ........................................................................................... 9-11

Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* ........*passim*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs Stewart Smith ("Smith") and Brennan Landy ("Landy") (collectively "Plaintiffs") allege in their complaint, filed on behalf of themselves and a class of similarly situated individuals, that Defendant Pro Custom Solar LLC d/b/a Momentum Solar ("Defendant" or "Pro Custom") violated the Telephone Consumer Protection Act ("TCPA") by making unsolicited, autodialed and prerecorded phone calls to consumer cell phones without prior express written consent. In response, Defendant moves to dismiss or, in the alternative, permission to file a motion for summary judgment. Fortunately for Plaintiffs and the Class, the arguments put forth by Defendant lack merit.

First, Plaintiffs have sufficiently pleaded TCPA violations by Defendant to survive a motion to dismiss. Despite Pro Custom's reliance on incomplete citations, the Complaint contains sufficient allegations that the calls received were placed using an automated telephone dialing system ("ATDS"), not just a "predictive dialer." Likewise, Plaintiffs have alleged that they did not consent to the calls, and Defendant's assertions to the contrary are patently false.

Additionally, Pro Custom's request for permission to file a motion for summary judgment is inappropriate considering that the facts remain disputed and no discovery has occurred. Defendant's mere representation to the Court that its

dialer is not an ATDS, which has not been substantiated by any evidence, does not support summary judgment and does not resolve the Parties' dispute. A motion for summary judgment is premature and unsuitable at this time.

Accordingly, and as explained below, the Court should deny Defendant's Motion in its entirety.

## II. SUMMARY OF THE CLAIMS

In the Complaint, Plaintiffs claim that Pro Custom violated the TCPA by making unsolicited, autodialed and prerecorded calls to their cellphones and to the cellphones of a class of consumers, all of whom did not provide prior express written consent to receive such calls. (*See* Compl., dkt. 1 at ¶ 42.) One of the components of the autodialed claim is that the technology used by Pro Custom to make the calls qualifies as an ATDS under the TCPA—equipment with the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to thereafter dial such numbers. (*See id.* ¶¶ 10, 44–45.)

Smith alleged four different calls from Defendant that were made with an ATDS or prerecorded voice, and he "never provided any oral consent or written consent" to receive such calls. (*Id.* ¶¶ 20–22.) Similarly, Landy alleged two calls received from Defendant that featured a pre-recorded voice—Landy also alleged that he "never provided any oral consent or written consent" to receive the calls.

2

(*Id.* ¶¶ 25–28.) By making the calls alleged in the Complaint, Defendant caused harm to Plaintiffs and to a class of individuals who experienced the same calls without providing any consent. (*See id.* ¶¶ 31–32.)

In order to redress these harms on behalf of themselves and the other Class members, Plaintiffs alleged and will seek to certify the following class:

> **No Consent Class:** All persons in the United States who (1) from the date four years prior to the filing of this Complaint through the date notice is sent to the class; (2) received at least one call from Defendant, or a third person acting on behalf of Defendant; (3) on the person's cellular telephone; (4) for the purpose of selling Defendant's solar products and services; (5) using the same equipment that was used to call the Plaintiffs; and (6) for whom Defendant claims it obtained prior express written consent in the same manner as Defendant claims it obtained prior express written consent to call the Plaintiffs.

(*Id.* ¶ 33.) As the term "No Consent Class" suggests, this proposed class is limited to consumers for whom Pro Custom "*claims* it obtained prior express written consent" to call in the same manner as it may claim it did to call Plaintiffs—as alleged by Plaintiffs, no consent was given, and the same would be true for consumers who fit the class definition. (*Id.*) (emphasis added).

### III. ARGUMENT

Defendant's request for dismissal fails, as Pro Custom can only argue insufficient pleadings by omitting or ignoring a significant portion of Plaintiffs' allegations. Plaintiffs have adequately alleged violation of the TCPA, including the use of an autodialer and the lack of consent for the calls.

Also, Pro Custom's request for permission to file a motion for summary judgment is inappropriate. Though permission is not needed under the Federal Rules, Defendant's request is based on its belief the dialer at issue is "undisputed[ly]" not a qualifying autodialer, which is untrue. (Def. Mot., at 5-6.) Plaintiffs allege that an ATDS was used, and Pro Custom asks the Court to believe its bare pre-discovery assertions that the dialer used is not an ATDS. This is a factual dispute that cannot be resolved without discovery.

In short, Defendant's requests for relief are without merit, and the Court should therefore deny Pro Custom's motion and each request therein.

### A. Plaintiffs Have Sufficiently Alleged TCPA Violations, Including The Use Of An Autodialer And The Lack Of Consent.

The first form of relief sought by Pro Custom is dismissal of the Complaint under Rule 12(b)(6) for failure to state a claim. (*See* Def. Mot, at 1-5.) However, Defendant's argument seemingly ignores the factual allegations made by Plaintiffs. The dialing system used for the calls at issue is in Pro Custom's possession and control, and therefore Plaintiffs cannot make more specific allegations without discovery. Nevertheless, Plaintiffs have pleaded, under the relevant standards, that the calls they received were made using an ATDS. Likewise, Smith and Landy both alleged that they did not provide consent to receive the calls. Defendant is strategically ignoring allegations in the Complaint—Plaintiffs have sufficiently stated a claim for relief.

To survive a motion to dismiss, a plaintiff's complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). All factual allegations in the complaint and reasonable inferences must be taken as true and "viewed in the light most favorable to the non-moving party." *Caleb v. CRST, Inc.*, 43 Fed. Appx. 513, 515 (3d Cir. 2002). A complaint should not be dismissed unless it appears "beyond a doubt" that the plaintiff can prove no set of facts that would entitle them to the relief sought. *Rupert v. PPG Industries, Inc.*, No. 07cv0705, 2007 WL 3125092, at *1 (W.D. Pa. Oct. 24, 2007) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Marshall-Silver Construction Co. v. Mendel*, 894 F.2d 593, 595 (3d Cir.1990)).

The TCPA prohibits the use of an automatic telephone dialing system to make texts or calls to consumer cell phones. 47 U.S.C. § 227(b)(1)(A)(iii). The statute defines an ATDS as "equipment which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. § 227(a)(1). To state a cause of action, a plaintiff must allege: (1) that the defendant called the plaintiff's cellphone; (2) using an ATDS; (3) without the plaintiff's prior express consent. *Douek v. Bank of Am. Corp.*, Civ. No. 17-2313, 2017 WL 3835700, at *2 (D. N.J. Sept. 1, 2017).

At the motion to dismiss stage, there is "no way for Plaintiff to know the technological capabilities of the device(s) used to place the calls . . . short of Plaintiff learning that information in discovery." *Shelton v. Nat'l Gas & Elec., LLC*, Civ. No. 17-4063, 2019 WL 1506378, at *11 (E.D. Pa. Apr. 5, 2019) (quoting *Whitehead v. Ocwen Loan Servicing, LLC*, No. 2:18-cv-470-FtM-99MRM, 2018 WL 5279155, at *4 (M.D. Fla. Oct. 24, 2018)); *see also Pederson v. Donald J. Trump for President, Inc.*, No. CV 19-2735 (JRT/HB), 2020 WL 3047779, at *4 (D. Minn. June 8, 2020) ("Without discovery, Plaintiffs have no ability, beyond attempting to call the texting number and comparing text messages with one another, to determine the mechanics of the Trump Campaign's dialing machinery. Their allegations are plausible, and that is all that is required at this phase of litigation."); *Zeidel v. Nat'l Gas & Elec., LLC,* No. 18 CV 06792, 2019 WL 2161546, at *4 (N.D. Ill. May 17, 2019) ("Moreover, the difference between a predictive dialer and an ATDS is not readily apparent to a recipient of an automated call. Such a determination requires information about the technical details of the device that the defendant used to make the calls—information that the plaintiff lacks prior to discovery."); *Battaglia v. Quicken Loans, Inc.,* No. 18-CV-1104, 2019 WL 430042, at *2 (W.D.N.Y. Feb. 4, 2019) (" '[I]t would be virtually impossible, absent discovery, for any plaintiff to gather sufficient

evidence regarding the type of machine used' ... such a standard would make callers 'virtually immune to TCPA claims.' ")

Thus, a plaintiff can allege facts about the nature of the calls to allow the Court to infer that the calls were placed using an ATDS. *See Douek*, 2017 WL 3835700, at *2.

Here, Plaintiffs have sufficiently stated a claim for relief under the TCPA. Plaintiffs alleged throughout the Complaint that Defendant called their cellphones.[1] (*See, e.g.*, Dkt. 1 at ¶¶ 15, 20, 25.) Plaintiffs also alleged that an ATDS was used (*id.* at ¶¶ 10, 20, 25, 42, 44), and these claims are supported by factual details about the calls, including allegations as to the frequency of calls and their pre-recorded messages. (*Id.* at ¶¶ 11, 21, 26–27.) Finally, Plaintiffs also alleged that they did not provide any prior express written consent to receive the calls at issue. (*Id.* at ¶¶ 12, 22–23, 28–30, 42–43.) Viewed in a light most favorable to Plaintiffs, the claim for relief is sufficiently plausible to withstand a motion to dismiss.

Likewise, Plaintiffs allege that they received several calls that featured a pre-recorded voice, including calls that required Plaintiffs to "press 1" to be connected to an operator. (*Id.* at ¶¶ 20, 25-27.)

Defendant's Motion either ignores Plaintiffs' factual allegations or asks the Court to do so. Pro Custom claims that Plaintiffs allege only that the equipment

---

[1] Pro Custom does not seem to dispute that it was responsible for the calls.

was a predictive dialer, but even in the paragraphs *cited* by Defendant, Plaintiffs allege equipment with "the capacity to store, produce, and dial random or sequential numbers." (Dkt. 1, at ¶¶ 10, 44.) That the Complaint also suggests the equipment includes predictive dialer features does not negate or diminish the ATDS allegations in any way. (*See* Dkt. 1 at ¶ 10.) Pro Custom also eagerly points out that the Complaint does not "identify the dialer," but, as explained above, that cannot be expected without discovery. (Def. Mot. at 2); *Shelton*, 2019 WL 1506378, at *11.

Defendant further makes a demonstrably false assertion that "Plaintiffs do not allege that Defendant called them without consent," citing to two paragraphs in the Complaint that refer to the insufficiency of any oral or retroactive consent. (Def. Mot. at 4; Dkt. 1, at ¶¶ 23, 29.) Landy and Smith immediately precede those paragraphs with explicit allegations that they "never provided any oral or written consent" that would pass muster under the TCPA. (Dkt. 1, at ¶¶ 22, 28.) These allegations are also repeated and reinforced later in the Complaint. (*Id.* at ¶¶ 42–43.) Whether Defendant overlooked the Plaintiffs' no-consent allegations or deliberately avoided them, Landy and Smith have properly pleaded violations of the TCPA.

In short, Defendant's arguments for dismissal plainly overlook the factual allegations in the Complaint. Read in its entirety, the Complaint states a claim for

relief from Defendant's unlawful telemarketing—Pro Custom's attempts to isolate allegations and misrepresent Plaintiffs' claims to the Court should not be rewarded. Landy and Smith have met their burden to survive dismissal, and Defendant's motion to dismiss should be denied.

> **B.     The Facts Of This Case Remain Disputed, And Summary Judgment Before Any Discovery Would Be Inappropriate.**

Defendant's final request is that the Court "set an immediate schedule" for Pro Custom to move for summary judgment. (Def. Mot. at 5.) Notwithstanding the fact that Defendant does not need authorization from the Court to move for summary judgment, Defendant's arguments are based on the contention that the "undisputed" dialer at issue is not an ATDS. (*Id.*) This claim is simply incorrect— without any discovery to speak of, the capabilities of Defendant's dialing equipment are plainly in dispute, and summary judgment would be inappropriate.

Rule 56 permits a party to move for summary judgment "at any time" until thirty days after the close of discovery—permission is not needed. FED. R. CIV. P. 56(b); *Hubicki v. ACF Indus., Inc.*, 484 F.2d 519, 522 (3d Cir. 1973). Tellingly, Pro Custom "requests permission" to file a motion, perhaps as a recognition of the "well established" standard that a court is obliged to give the party opposing summary judgment an adequate opportunity to obtain discovery. (Dkt. 9-1, at 15); *Doe v. Abington Friends Sch.*, 480 F.3d 252, 257 (3d Cir. 2007) (quoting *Dowling v. City of Philadelphia*, 855 F.2d 136, 139 (3d Cir. 1988)). "This is necessary

9

because, by its very nature, the summary judgment process presupposes the existence of an adequate record." *Doe*, 480 F.3d at 257. Thus, the Rule itself provides that if the nonmovant shows it cannot present facts essential to its opposition, the court may defer consideration, deny the motion, or allow time to take discovery. FED. R. CIV. P. 56(d); *see also Radich v. Goode*, 886 F.2d 1391, 1393 (3d Cir. 1989).

At this point, no discovery has been exchanged—Pro Custom is requesting permission to move for summary judgment in its very first response to the Complaint. The Court has no record to consider for a motion to dismiss, aside from Plaintiffs' allegations that the calls were placed using an ATDS. (*See* Dkt. 1, at ¶¶ 10, 20, 25, 42, 44). However, despite these allegations, Defendant inexplicably claims in its motion that the "undisputed" dialer at issue in this case does not qualify as an ATDS. Defendant offers no evidence to support this claim, stating only that the dialer would not satisfy relevant standards and that Pro Custom "can and will demonstrate" its position. (Def. Mot. at 6.) In doing so, Defendant has highlighted a factual dispute that will require discovery to resolve and renders summary judgment inappropriate.

If Pro Custom "can and will demonstrate" that its dialing equipment doesn't qualify as an ATDS, it should do so through discovery. An unsubstantiated contention is not evidence, and it serves only to solidify the dispute between the

parties as to what equipment was used. Even if Defendant were to file a motion for summary judgment now (it does not need the Court's permission), the Federal Rules and Third Circuit precedent provide that Plaintiffs should be given an adequate opportunity to obtain discovery and oppose the motion. For these reasons, Pro Custom's request is unnecessary, inappropriate, and premature. The case should proceed to discovery.

As a final point here, Defendant misapplies *Dominguez*. That is, Defendant claims that "Plaintiff do not, because they cannot, allege that Defendant dialed their respective numbers (or the number of any putative class member) randomly or sequentially". (Def. Mot. at 6.) However, *Dominguez* focused on capacity—in other words, what a system "can" do, not exclusively on what it "did" do. *See Boger v. Citrix Sys., Inc.*, No. 8:19-CV-01234-PX, 2020 WL 1033566, at *3 (D. Md. Mar. 3, 2020):

> Other circuits focus on whether the equipment "could" randomly or sequentially dial such numbers. *See, e.g., Gary v. TrueBlue, Inc.*, 786 F. App'x 555, 557–58 (6th Cir. 2019) (affirming a grant of summary judgment in favor of defendant finding "no evidence that TrueBlue's system *could* randomly or sequentially text phone numbers") (emphasis added); *Dominguez ex rel. Himself v. Yahoo, Inc.*, 894 F.3d 116, 121 (3d Cir. 2018) (affirming a grant of summary judgment in favor of Defendant because the record showed that plaintiff could not establish that an "Email SMS Service had the present capacity to function as an autodialer by generating random or sequential telephone numbers and dialing those numbers ..." and instead "sent messages only to numbers that had been individually and manually inputted into its system by a user."). Accordingly, where a calling system could function as an ATDS, the claim survives challenge.

This further highlights the factual issues at play in this case, and a motion for summary judgment prior to discovery would be premature.

IV. **CONCLUSION**

The Court should deny Pro Custom's motion on all counts. Plaintiffs have sufficiently stated claims for relief under the TCPA to survive a motion to dismiss. Further, Pro Custom's request for permission to file a motion for summary judgment is procedurally inappropriate. Accordingly, the Court should deny Defendant's motion, permit the parties to commence discovery, and award any such relief as it deems necessary and just.

Respectfully submitted,

Dated: August 3, 2020

By: /s/ *Ari Marcus*
    One of Plaintiffs' Attorneys

Ari Marcus, Esq.
Marcus & Zelman, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
Tel: 732-695-3282
Fax: 732-298-6256
ari@marcuszelman.com

Steven L. Woodrow*
swoodrow@woodrowpeluso.com
Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Taylor T. Smith*
tsmith@woodrowpeluso.com
Woodrow & Peluso, LLC

        3900 E. Mexico Avenue, Suite 300
        Denver, Colorado 80210
        Telephone: (720) 213-0676
        Facsimile: (303) 927-0809

*Admitted *Pro Hac Vice*

## **CERTIFICATE OF SERVICE**

    I hereby certify that the above papers were filed through the Court's ECF system on August 3, 2020, which will serve the papers electronically to all counsel of record.

                                          /s/ Ari Marcus