**Thomas J. Cotton, Esq.**
SCHENCK, PRICE, SMITH & KING, LLP
220 Park Avenue, P.O. Box 991
Florham Park, New Jersey 07932-0991
(973) 539-1000
*Attorneys for Defendant,*
*Pro Custom Solar LLC d/b/a Momentum Solar*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEWART SMITH and BRENNAN LANDY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PRO CUSTOM SOLAR LLC d/b/a MOMENTUM SOLAR,<br><br>Defendant. | CIVIL ACTION<br><br>No. 2:19-cv-20673<br><br>**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**<br><br>Oral Argument Requested<br><br>Motion Date: August 17, 2020 |

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

LEGAL ARGUMENTS

I.      PLAINTIFFS' OPPOSITION FAILS TO SALVAGE
THEIR TCPA CLAIM AND THEREFORE PLAINTIFFS'
COMPLAINT SHOULD BE DISMISSED ........................................................................1

II.     PLAINTIFFS' OPPOSITION EFFECTIVELY CONCEDES
THAT, SHOULD THEIR COMPLAINT SURVIVE, DEFENDANT
SHOULD BE GRANTED LEAVE TO FILE AN
IMMEDIATE SUMMARY-JUDGMENT MOTION ........................................................4

CONCLUSION ........................................................................................................................4

# **TABLE OF AUTHORITIES**

## **Cases**

*Dominguez v. Yahoo! Inc.*, 894 F.3d 116, 121 (3d Cir. 2018) ............................................................2

*Fleming v. Assoc. Credit Srvs., Inc.*, 342 F. Supp. 3d 563, 574 (D.N.J. 2018)......................................1

*Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458 (7th Cir. 2020)..............................................................2

*Glasser v. Hilton Grand Vacations Co., LLC*, 948 F.3d 1301 (11th Cir. 2020) ...................................2

*Hazan v. Wells Fargo & Co.*, No. 18-cv-10228, 2019 U.S. Dist. LEXIS 72748, at *3-4 (D.N.J. Apr. 30, 2019).............................................................................................................................................3

*McGinity v. Tracfone Wireless, Inc.*, 5 F. Supp. 3d 1337, 1340 (M.D. Fla. 2014) ...............................3

*Megatel Mobile, LLC v. Tracfone Wireless, Inc.*, No. 17-3837, 2018 U.S. Dist. LEXIS 147315, at *4 (D.N.J. Aug. 29, 2018) ...................................................................................................................3

*Montinola v. Synchrony Bank*, No. 17-cv-8963, 2018 U.S. Dist. LEXIS 146716 (D.N.J. Aug. 28, 2018).....................................................................................................................................................3

*Spiedel v. JP Morgan & Chase Co.*, No. 2:13-cv-0852, 2014 U.S. Dist. Lexis 18437, at * 5-6 (M.D. Fla. Feb. 13, 2014) ..............................................................................................................................3

*Trenk v. Bank of Am.*, No. 17-cv-3472, 2017 U.S. Dist. LEXIS 143410 (D.N.J. Aug. 28, 2017).......3

## **Statutes**

47 U.S.C. § 227(a)(1) .........................................................................................................................1

47 U.S.C. § 227(b)(1)(A) ...................................................................................................................2

## **Other Authorities**

Civil Case Management Order of Hon. Edward S. Kiel, U.S.M.J. .....................................................4

Pro Custom Solar LLC d/b/a Momentum Solar ("Defendant"), by and through its undersigned counsel, respectfully submits this reply memorandum of law, in further support of its motion to dismiss the claims put forth by plaintiffs Stewart Smith and Brennan Landy (collectively, "Plaintiffs").

## LEGAL ARGUMENTS

Defendant's motion involves two distinct points. First, Plaintiffs fail to state a Telephone Consumer Protection Act ("TCPA") claim and their complaint should be dismissed accordingly. Second, in the alternative to dismissal, Defendant requests the Court set an expedited schedule for discovery and briefing on whether Defendant made unlawful use of an automatic telephone dialing system ("ATDS")—which is the only TCPA violation cited in Plaintiffs' complaint.

**I.   PLAINTIFFS' OPPOSITION FAILS TO SALVAGE THEIR TCPA CLAIM AND THEREFORE PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED.**

Defendant's initial papers explained, with reference to a host of binding and/or in-Circuit authority, that Plaintiffs' TCPA complaint fails to allege facts giving rise to a TCPA violation. It bears repeating: Even if every non-conclusory contention in Plaintiffs' complaint is accepted as true, then Plaintiffs still fail to state a claim under the TCPA.

Plaintiffs' opposition does not salvage their complaint. Far from it. Instead, Plaintiffs' opposition lobs a handful of arguments that are all unavailing.

First, Plaintiffs' opposition, like the complaint, continues to ignore the controlling definition of an ATDS under the TCPA. Opp. 8. The ATDS definition is expressly articulated by statute. 47 U.S.C. § 227(a)(1). A body of authoritative, compelling, and on-point case law reinforces the ATDS definition. *E.g.*, *Fleming v. Assoc. Credit Srvs., Inc.*, 342 F. Supp. 3d 563, 574 (D.N.J. 2018) (McNulty, J.). Alleging that Plaintiffs received calls using a predictive dialer is not sufficient to state a valid claim under the TCPA. Plaintiffs do not (because they cannot) allege that Defendant

made any calls based on the generation of telephone numbers (random, sequential, or otherwise) and concede that Defendant called them solely on the basis of a discrete set of numbers belonging to Defendant's customers and potential customers. Plaintiffs' allegations are thus—at best— allegations concerning a predictive dialer and fail to allege use of an ATDS under the TCPA. *See Dominguez v. Yahoo! Inc.*, 894 F.3d 116, 121 (3d Cir. 2018); *see also Glasser v. Hilton Grand Vacations Co., LLC*, 948 F.3d 1301 (11th Cir. 2020); *Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458 (7th Cir. 2020).

<u>Second</u>, Plaintiffs' opposition repeats their complaint's mistake and misapplies the concept of prior consent to receive telephone calls. Opp. 4. Plaintiffs contend that they "did not provide consent to receive the calls," as though this states an independent cause of action.[1] *Id.* Receiving a phone call in the absence of consent is not, without more, a valid (much less well-stated) claim under the TCPA. While consent is a full defense to a TCPA claim, 47 U.S.C. § 227(b)(1)(A), it only becomes relevant if Plaintiffs state a valid TCPA claim, which they have not done in this case.

<u>Third</u>, Plaintiffs insist that there are no additional allegations they could include in their pleading and that they must therefore survive dismissal. Opp. 4. If litigants could satisfy this Court's well-established pleading standard by averring they have nothing more to add to a complaint, then dismissal could never be entered. If anything, Plaintiffs' argument is a concession that any amendments would be futile, so dismissal should be entered with prejudice. Plaintiffs' complaint, in its current form, fails to state a claim. And if Plaintiffs have nothing they can add,

---

[1] Defendant's initial brief noted the sly phrasing of Plaintiffs' consent allegations, which appear crafted to obscure Plaintiffs' consenting to be called. Brf. 5. Plaintiffs' opposition tacitly concedes this point. Plaintiffs do not argue that they received unsolicited calls. Rather, Plaintiffs contend that the consent they provided for the calls "would [not] pass muster under the TCPA." Opp. 8.

then there is no need to go through a cycle of amendments. *See, e.g.*, *Megatel Mobile, LLC v. Tracfone Wireless, Inc.*, No. 17-3837, 2018 U.S. Dist. LEXIS 147315, at *4 (D.N.J. Aug. 29, 2018) (dismissing certain claims with prejudice "because amendment for some of Plaintiff's claims would be futile").

Fourth, Plaintiffs argue that they are entitled to discovery on their ATDS theory and yet provide no authority to support their (mistaken) perception of entitlement. In fact, courts in this District have repeatedly found the opposite. "Even though it may be difficult to plead the particulars of the alleged ATDS a defendant used, a plaintiff, nevertheless, must allege facts that would allow a court to plausibly infer that a defendant used an ATDS." *Hazan v. Wells Fargo & Co.*, No. 18-cv-10228, 2019 U.S. Dist. LEXIS 72748, at *3-4 (D.N.J. Apr. 30, 2019); s*ee Montinola v. Synchrony Bank*, No. 17-cv-8963, 2018 U.S. Dist. LEXIS 146716 (D.N.J. Aug. 28, 2018); *Trenk v. Bank of Am.*, No. 17-cv-3472, 2017 U.S. Dist. LEXIS 143410 (D.N.J. Aug. 28, 2017); *see also Spiedel v. JP Morgan & Chase Co.*, No. 2:13-cv-0852, 2014 U.S. Dist. Lexis 18437, at * 5-6 (M.D. Fla. Feb. 13, 2014) (granting dismissal motion due to the plaintiff's insufficient ATDS allegations). A TCPA litigant cannot survive a motion to dismiss merely because the complaint parrots the statutory text in conclusory fashion. That Plaintiffs fail to even parrot the statute, but offer an ATDS definition of their own invention, gives greater cause to dismiss their complaint.

Fifth and finally, Plaintiffs posit that they have offered sufficient facts showing ATDS usage. Opp. 7. However neither precedent nor common sense are on their side. Plaintiffs point to their allegations regarding frequency of the calls, and the use of a prerecorded message, as supposedly evidencing an ATDS. Unsurprisingly, Plaintiffs do not cite a single TCPA decision that ruled those allegations are enough to sidestep dismissal. That is probably because there are no such authorities. Indeed, the frequency of calls and the use of messages have no bearing on any element of the ATDS definition. *E.g.*, *McGinity v. Tracfone Wireless, Inc.*, 5 F. Supp. 3d 1337, 1340 (M.D.

3

Fla. 2014) (rejecting the plaintiff's ATDS allegations, notwithstanding a high number of alleged calls).

## II. PLAINTIFFS' OPPOSITION EFFECTIVELY CONCEDES THAT, SHOULD THEIR COMPLAINT SURVIVE, DEFENDANT SHOULD BE GRANTED LEAVE TO FILE AN IMMEDIATE SUMMARY-JUDGMENT MOTION.

In its initial papers, Defendant requested that, if Plaintiffs' claims survive this motion (which they should not) that the Court grant the alternative remedy of setting a briefing schedule on the narrow, discrete issue that can terminate this litigation, *i.e.*, whether Defendant's dialing technology is an ATDS.

Plaintiffs provide no real opposition to Defendant's argument. Plaintiffs contend—in supposed opposition—that no authorization is required for a summary-judgment motion. Plaintiffs even give their blessing for Defendant to file a summary-judgment motion at any time. Plaintiffs are wrong.

Per this litigation's governing orders, leave of court is required in advance of every motion, and summary-judgment motions are no exception. ECF 23 ("No motions are to be filed without leave from the Court, except for motions in lieu of Answer under Rule 12."); *see also* Civil Case Management Order of Hon. Edward S. Kiel, U.S.M.J. ("Motions for summary judgment shall be filed only upon leave of Court."). Thus, if the Court permits Plaintiffs' case to proceed (which it should not), Defendant respectfully requests that we move immediately to consideration of only whether the dialer at issue meets the controlling definition of an ATDS under the TCPA.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss Plaintiffs' claims or, in the alternative, permit an immediate motion for summary judgment.

Dated: Florham Park, New Jersey
      August 10, 2020

                                        SCHENCK, PRICE, SMITH & KING, LLP

By:    <u>s/ Thomas J. Cotton</u>
        Thomas J. Cotton

220 Park Avenue, P.O. Box 991
Florham Park, NJ 07932-0991
Telephone: (973) 539-1000
Fax: (973) 540-7300

tjc@spsk.com

*Attorneys for Defendant,*
*Pro Custom Solar LLC d/b/a Momentum Solar*