**Schenck Price**
SCHENCK PRICE SMITH & KING, LLP

*Serving Our Clients and Community*
*For Over 100 Years*

**THOMAS J. COTTON**
*Admitted in NJ & NY*

Direct Line: 973-540-7333
Email: tjc@spsk.com

220 Park Avenue
PO Box 991
Florham Park, NJ 07932
Telephone: 973-539-1000
Fax: 973-540-7300
www.spsk.com

August 14, 2020

**Via ECF**
Hon. Edward S. Kiel, U.S.M.J.
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

> **Re:** **Smith v. Pro Custom Solar LLC**
> **Case No. 2:19-cv-20673-KM-ESK**
> **Our File No. 28369-52**
> *Defendant's Letter-Motion to Bifurcate Discovery*

Dear Judge Kiel:

This firm represents defendant Pro Custom Solar LLC d/b/a Momentum Solar ("Defendant") in the above-referenced matter. Plaintiffs Stewart Smith and Brennan Landy (collectively, "Plaintiffs") allege in their one-count class-action complaint that Defendant violated the Telephone Consumer Protection Act ("TCPA") by unlawfully contacting them through the use of an automatic telephone dialing system ("ATDS").

Defendant respectfully submits this letter-motion to bifurcate discovery. Defendant requests that the first discovery phase be limited to whether Defendant's dialing technology is an ATDS. The second phase would, if necessary, address all other issues, specifically those pertinent for a class-certification motion.

## LEGAL ARGUMENTS

A Court may bifurcate the issues in a case, pursuant to Rule 42(b), "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and

**Schenck Price**
— SCHENCK PRICE SMITH & KING, LLP —

Hon. Edward S. Kiel, U.S.M.J.
August 14, 2020
Page 2

economy." *Princeton Biochemicals, Inc. v. Beckman Instruments, Inc.*, 180 F.R.D. 254, 256

(D.N.J. 1997); *see also Nazario v. Sharinn & Lipshie, P.C.*, No. 2:19-cv-4604, 2020 U.S. Dist.

LEXIS 5950 (D.N.J. Jan. 14, 2020) ("Courts generally postpone class-wide discovery on the merits

of the claims when bifurcation serves the interests of fairness and efficiency.").

Discovery should be bifurcated in this litigation because: (1) in similar cases in this District,

the Court granted the very same bifurcation request that Defendant is making here; (2) the factors

considered by the District of New Jersey when evaluating bifurcation requests favor Defendant's

motion; and (3) in similar cases outside this District, the Courts likewise bifurcated discovery.

## I.   THIS DISTRICT HAS BIFURCATED DISCOVERY IN SIMILAR CASES, UNDER SIMILAR CIRCUMSTANCES.

Defendant is not the first to ask, within the District of New Jersey, for bifurcation so that a

discrete, dispositive issue can be addressed before commencing class discovery.  This question has

been previously raised and adjudicated—in Defendant's favor.

In *Physicians Healthsource, Inc. v. Janssen Pharms., Inc.*, No. 12-cv-2132, 2014 U.S. Dist.

LEXIS 13523 (D.N.J. Feb. 4, 2014), Judge Bongiovanni granted the exact same request that

Defendant is making here and within the exact same type of case.  Judge Bongiovanni granted the

defendant's request to bifurcate discovery, so that the TCPA plaintiff's individual claim could be

resolved before any discovery was dedicated to class certification.

*Physicians Healthsource* not only involved the same type of bifurcation request that

Defendant presents now, the decision includes a detailed discussion on bifurcation's efficiencies.

That discussion is instructive.

**Schenck Price**
SCHENCK PRICE SMITH & KING, LLP

Hon. Edward S. Kiel, U.S.M.J.
August 14, 2020
Page 3

First, Judge Bongiovanni determined that bifurcation was appropriate because there was "a narrow, potentially dispositive issue" to be addressed in the first phase. *Id.* at *11. In both questions, there was an issue of whether the communication was, as a matter of law, consistent with the provisions of the TCPA. In *Physicians Healthsource*, that issue was whether certain faxes were informational. *Id.* In this litigation, the issue is whether Defendant's dialing technology is an ATDS.

Second, Judge Bongiovanni emphasized that this "narrow, potentially dispositive issue" was distinct from class issues. *Id.* at *12. Again, this litigation overlaps with *Physicians Healthsource*. Whether Defendant's dialing technology is an ATDS has nothing to do with Rule 23's factors for class certification.

Third, Judge Bongiovanni looked favorably on the expedited pace at which discovery's first phase could be completed. *Id.* at *13. Here also, the parties can travel briskly through discovery. Judge Bongiovanni allowed the parties four months to address that case's dispositive issue. *Id.* Plaintiffs and Defendant can likely address this case's dispositive issue within three months.

Fourth and perhaps most significantly, Judge Bongiovanni found that the plaintiff faced no real prejudice from bifurcation. *Id.* at *14-15. Her Honor specifically rejected the plaintiff's generic argument that evidence *might* be destroyed or discovery *could* be delayed. *Id.* Likewise, in this case there is no risk of prejudice and any arguments Plaintiffs might raise would be the same musings that Judge Bongiovanni found uncompelling.

**Schenck Price**
— SCHENCK PRICE SMITH & KING, LLP —

Hon. Edward S. Kiel, U.S.M.J.
August 14, 2020
Page 4

*Physicians Healthsource* is not an outlier; it is a polestar.  Indeed, District of New Jersey

judges frequently take the same route to the same destination and bifurcate class discovery.  *See,*

*e.g.*, *Loreaux v. ACB Receivables Mgmt.*, No. 14-cv-0710, 2015 U.S. Dist. LEXIS 112250 (D.N.J.

Aug. 25, 2015); *Nazario*, 2020 U.S. Dist. LEXIS 5950.

II.     **DEFENDANT'S BIFURCATION REQUEST SHOULD BE GRANTED BECAUSE IT MAXIMIZES EFFICIENCIES AND MINIMIZES (IF NOT ELIMINATES) THE RISK OF PREJUDICE.**

Defendant requests that discovery's first phase be limited to the single, dipositive issue of

whether its dialing technology is an ATDS.  The ATDS allegation is the theory by which Plaintiffs

contend that Defendant violated the TCPA.  If Plaintiffs' ATDS theory is disproven, and it will be

disproven through discovery, then Plaintiffs' entire complaint must be dismissed.

Defendant's proposal satisfies every factor considered by this Court when evaluating

bifurcation requests.  *See Princeton Biochemicals*, 180 F.R.D. at 256.  Defendant's proposal: (A)

is efficient and convenient; (B) allows for immediate focus on a single, dispositive issue that can

likely terminate this litigation; and (C) poses no risk of prejudice.

A.      **Defendant's bifurcation request is the most convenient, efficient approach to discovery and serves the interests of all parties—as well as this Court.**

Plaintiffs and Defendant both stand to benefit from the efficiencies that are certain to come

with Defendant's bifurcation proposal.  Written discovery will be targeted toward the specific

documents and information that are related to Defendant's dialing technology.  There will be fewer

documents to review, and less time required for written discovery.  Depositions will be more

focused, for the same reasons.  This translates to less time preparing for depositions, less time

taking depositions, and fewer depositions overall.  Only one deposition will be required, *i.e.*, the

**Schenck Price**
— SCHENCK PRICE SMITH & KING, LLP —

30(b)(6) deposition of a Defendant representative with knowledge of the dialing technology used to call Plaintiffs.

This Court will also benefit from those efficiencies.  A narrower realm of discovery means fewer opportunities for discovery disputes.  Moreover, non-adversarial events will likewise be limited given the increased speed with which the parties will progress through discovery.  A case that manages to quickly proceed through discovery means there will be fewer case-management proceedings.

The costs to both the Court and parties posed by this litigation, in both time and treasure, will be better controlled by bifurcation.  Class discovery requires collecting, processing, and analyzing a large universe of data.  "[I]t is generally recognized that class actions involve the potential 'for hefty litigation expenses and an extensive use of judicial resources in the resolution of these claims.'"  *Physicians Healthsource, Inc.*, 2014 U.S. Dist. LEXIS 13523, at *13 (quoting *Bais Yaakov of Spring Valley v. Peterson's Nelnet, LLC*, No. 11-cv-0011, 2013 U.S. Dist. LEXIS 23973, at *5 (D.N.J. Feb. 21, 2013)).  There will be no exception in this case.  That is because Plaintiffs' proposed class is immensely overbroad.  It seeks to corral anyone who received a call within the past four years, and then is not even limited to those who received calls from Defendant.  Plaintiffs also include anyone who received a call from "a third person acting on behalf of Defendant."

It cannot be emphasized enough: Bifurcation will likely resolve this case sooner than the open-ended alternative.  Plaintiffs cannot plausibly argue that unrestricted discovery can be completed more quickly than discovery's first bifurcated phase.  Plaintiffs' own proposal, within



the Joint Discovery Plan, calls for ten months of discovery.  ECF 25.  Defendant's proposal can

be completed within three months.

There are efficiencies to bifurcation because there is no overlap among the two phases in

Defendant's proposal.  This litigation is a Venn diagram without any items in the middle:



There is a mutually exclusive collection of issues for the merits of Plaintiffs' individual claim, and

the same is true for class certification.

> **B.      The issue that would be the focus of bifurcated discovery's first phase (*i.e.*, Defendant's dialing technology) is dispositive and will terminate this litigation.**

As outlined within Defendant's dismissal motion, there are real and significant problems

with Plaintiffs' ATDS theory that should be addressed before those problems are imputed to a

class.

Plaintiffs' ATDS theory does not even align with the TCPA's definition of an ATDS.  The

TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone

numbers to be called, using a random or sequential number generator; and (B) to dial such

numbers."  47 U.S.C. § 227(a)(1).  Plaintiffs allege that Defendant's dialing technology "has the

**Schenck Price**
SCHENCK PRICE SMITH & KING, LLP

Hon. Edward S. Kiel, U.S.M.J.
August 14, 2020
Page 7

capacity to store, produce, and dial random or sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention." Compl. at ¶ 10.

Plaintiffs appear to be alleging that Defendant uses a "predictive dialer," even though a host of authority confirms that "predictive dialers" are not ATDS's and thus cannot give rise to a TCPA claim. *Fleming v. Assoc. Credit Srvs., Inc.*, 342 F. Supp. 3d 563, 574 (D.N.J. 2018) (McNulty, J.); *Dominguez v. Yahoo! Inc.*, 894 F.3d 116, 121 (3d Cir. 2018); *Glasser v. Hilton Grand Vacations Co., LLC*, 948 F.3d 1301 (11th Cir. 2020); *Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458 (7th Cir. 2020).

If Defendant's bifurcation proposal is granted, then Plaintiffs' flawed ATDS theory can be isolated from all other issues and addressed head-on. Discovery on Defendant's dialing technology will only confirm that Plaintiffs fail, as a matter of law, to state a claim and that Defendant can therefore be granted immediate summary judgment.

**C.      Bifurcation does not pose any risk of prejudice.**

As much as there is to gain from bifurcation, there is also nothing to lose. That is because bifurcation will not prejudice Plaintiffs in any manner whatsoever.

Bifurcation will not delay this litigation, for the reasons discussed above. This is not a case that relies mightily on witness recollections, thus there is no risk that a witness's memory will fade as he or she waits to testify in the second phase. Similarly, Defendant is a sophisticated entity that recognizes its duties of document preservation. Just as witness memories are unlikely to fade, discoverable documents are unlikely to disappear.



Hon. Edward S. Kiel, U.S.M.J.
August 14, 2020
Page 8

Plaintiffs will certainly (and mistakenly) argue that bifurcation *always* requires witnesses to be deposed twice.  The absence of issue overlap, as already discussed, limits that risk to such an extent that the benefits of bifurcation significantly outweigh it.[1]  If Plaintiffs' theory were a compelling argument, then bifurcation would never be granted.  But as explained in greater detail within the points that follow, courts across the country grant the same bifurcation request raised by Defendant within the same types of cases (*i.e.*, TCPA class actions).

*          *          *          *

Bifurcating discovery is the optimal approach.  Bifurcation will allow the parties to first focus on Plaintiffs' individual claim.  Given the outlined weaknesses in Plaintiffs' individual claim, this litigation will likely terminate at that time and will therefore prove the wisdom of bifurcation.  No time will have been wasted, at all, on unnecessary class discovery.

## III.   IN OTHER DISTRICT COURTS, BIFURCATION IS ROUTINELY GRANTED IN TCPA CLASS ACTIONS FOR THE REASONS RAISED BY DEFENDANT HERE.

There is nothing novel about Defendant's bifurcation request.  This same request is frequently granted by other District Courts, nationwide, in TCPA class actions.  *See, e.g.*, *Katz v. Liberty Power Corp., LLC*, No. 18-cv-10506, 2019 U.S. Dist. LEXIS 30901, at *2 (D. Mass. Feb. 27, 2019) (granting motion to bifurcate discovery, whereby the TCPA plaintiff's individual claim would be addressed in the first phase and class discovery would be stayed until the second phase);

---

[1]      As Defendant explained earlier, the only deposition required in discovery's first phase is the 30(b)(6) testimony of Defendant representative(s) regarding Defendant's dialing technology. Thus, the only party that faces the potential prejudice of a duplicative deposition is Defendant. Even then, Defendant's 30(b)(6) testimony in the second phase would almost certainly involve different topics than the dialing technology at the heart of discovery's first phase.

**Schenck Price**
SCHENCK PRICE SMITH & KING, LLP

*Rivera v. Exeter Fin. Corp.*, No. 15-cv-1057, 2016 U.S. Dist. LEXIS 11505, at *2 (D. Col. Feb. 1, 2016) (referencing earlier order granting bifurcation motion); *Saunders v. Dyck O'Neal, Inc.*, No. 1:17-cv-0335, 2020 U.S. Dist. LEXIS 13262, at *2 (W.D. Mich. Jan. 22, 2020) (same); *Bauman v. Saxe*, No. 14-cv-1125, 2019 U.S. Dist. LEXIS 4567, at *4 (D. Nev. Jan. 10, 2019) (same); *America's Health & Res. Ctr., Ltd. v. Promologics, Inc.*, No. 16-cv-9281, 2018 U.S. Dist. LEXIS 120590, at *14-16 (N.D. Ill. July 19, 2018) ("[I]n the circumstances presented here, where some limited, first-stage production could stave off substantial wasted efforts, the Court believes bifurcation is appropriate."); *Leschinsky v. Inter-Continental Hotels Corp.*, No. 8:15-cv-1470, 2015 U.S. Dist. LEXIS 140535, at *1 (M.D. Fla. Oct. 15, 2015) (granting motion to bifurcate discovery in order to facilitate immediate submission of summary-judgment motions on dispositive issues).

Finally, Defendant's bifurcation proposal is so well-tailored for a TCPA class action, at least one court—less than one month ago—pivoted from a different bifurcation structure to adopt it. *Mantha v. QuoteWizard.com, LLC*, No. 19-cv-12235, 2020 U.S. Dist. LEXIS 135257, at *7-8 (D. Mass. July 30, 2020) ("After careful consideration of the various submissions by the parties regarding their myriad disputes, the Court now concludes that Phase I of discovery should address all issues related to Plaintiff's individual claims and that class discovery occur in Phase II.").

**CONCLUSION**

For the reasons set forth herein, Defendant respectfully requests this Court enter an order bifurcating discovery.



Hon. Edward S. Kiel, U.S.M.J.
August 14, 2020
Page 10

Respectfully submitted,

SCHENCK PRICE SMITH & KING, LLP

s/ Thomas J. Cotton, Esq.
Thomas J. Cotton, Esq.

TJC/s
cc (via ECF):
All counsel of record