

August 21, 2020

*Via ECF:*

Hon. Edward S. Kiel, U.S.M.J.
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

    Re: *Smith, et al., v. Pro Custom Solar, LLC* – **Case No. 2:19-cv-20673-KM-ESK**
       <u>**Plaintiffs' Opposition to Letter-Motion to Bifurcate Discovery**</u>

Dear Judge Kiel:

  Plaintiffs Stewart Smith ("Smith") and Brennan Landy ("Landy") (collectively "Plaintiffs") filed this action against Defendant Pro Custom Solar, LLC ("Defendant" or "Pro Custom") alleging serial violations of the Telephone Consumer Act, 47 U.S.C. § 227, *et seq.* ("TCPA" or "Act")—specifically, that Pro Custom places unsolicited calls using an automatic telephone dialing system ("ATDS") and/or a prerecorded voice.

  For its part, Pro Custom requests that the Court bifurcate discovery so as to only proceed with respect to whether it placed calls using an ATDS. Every other issue in the case—including whether the calls were made without prior express consent, whether a pre-recorded voice was also used, whether Pro Custom can identify other persons who were called and the number of calls—should remain off limits until this special element can be proven.

  Fortunately, each of Defendant's arguments in support of bifurcation falls apart.

  First, bifurcation fails to promote judicial economy. Contrary to Pro Custom's assertions, bifurcating discovery will only create additional discovery, including requiring multiple depositions of the same witnesses and multiple stages of expert discovery. Further, because the

ATDS issue implicates both merits and class issues, bifurcation along these lines will needlessly foment confusion and lead to additional discovery disputes, which will require the attention of the Court.

Second, the proposed bifurcation is not focused on a dispositive issue. Here, Plaintiffs have plead that Defendant not only violated the TCPA by placing calls using an ATDS but that it also used a prerecorded voice. This is a separate violation of the Act. Thus, even if a factfinder were to conclude that Pro Custom didn't use an ATDS to place the calls in this case, that issue will not be dispositive of the litigation as a whole as the question of a pre-recorded voice remains.

Third, bifurcation will undeniably prejudice Plaintiffs. As time passes, memories fade and documents are destroyed. This is especially true with respect to TCPA class actions in which the class records are frequently within the custody, possession, and control of third parties like call vendors (who often go out of business). Further, bifurcation also implicates the one-way intervention rule—which bars Plaintiffs from moving for any decision on the merits prior to a decision on class certification. The proposal would result in Defendant getting a free bite at the apple prior to Plaintiffs having an opportunity to meaningfully engage in discovery.

Accordingly, and as explained below, the Court should deny Defendant's motion and discovery should proceed with respect to both merits and class issues.

## ARGUMENT

**I.    Contrary To Defendant's Suggestion, Bifurcation Is Generally Disfavored, Including The Context Of TCPA Class Actions.**

As an initial matter, this District does not, as Defendant suggests, "frequently take the same route to the same destination and bifurcate class discovery." (Def. Mot. at 4.) Rather, "the Third Circuit has 'condemned the district court's practice of bifurcating [ ] as a general rule.'"

*Hanover 3201 Realty, LLC v. Vill. Supermarkets, Inc.*, No. 214CV1327SRCCLW, 2016 WL 4541870, at *2 (D.N.J. Aug. 31, 2016) (*Barr Lab., Inc. v. Abbott Lab.*, 978 F.2d 98, 115 (3d Cir. 1992)); *see also Clarity Sports Int'l LLC*, 400 F. Supp. 3d 161, 184 (M.D. Pa. 2019) (collecting cases). Indeed, "bifurcation of discovery in this District, which is in a serious judicial emergency, is extremely rare, since bifurcation often delays cases and leads to serial motion practice." *Wilson v. Quest Diagnostics, Inc.*, No. CV 18-11960 (WJM), 2019 WL 7560932, at *2 (D.N.J. Aug. 22, 2019); *see also Cephalon, Inc. v. Sun Pharm. Indus., Ltd.*, No. CIV.A. 11-5474 FLW, 2013 WL 3417416 (D.N.J. July 8, 2013) (collecting cases) ("[c]ourts in this district do not routinely grant motions to bifurcate discovery, unless there is some showing on the part of the moving party as to why bifurcation is appropriate."); *Hanover 3201 Realty, LLC v. Vill. Supermarkets, Inc.*, No. 214CV1327SRCCLW, 2016 WL 4541870, at *2 (D.N.J. Aug. 31, 2016).

This aversion to bifurcation extends to class actions, including TCPA class actions. *See, e.g., Hartley-Culp v. Credit Mgmt. Co.*, No. 3:CV-14-0282, 2014 WL 4630852, at *4 (M.D. Pa. Sept. 15, 2014) (declining to bifurcate discovery in a TCPA class action and noting, "we concur with Plaintiff that bifurcation of discovery in this case will increase litigation expenses by protracting the discovery period and by duplicating the discovery process, including the depositions."); *In re Plastics Additives Antitrust Litig.*, No. CIV.A. 03-2038, 2004 WL 2743591, at *5 (E.D. Pa. Nov. 29, 2004) (declining to bifurcate between class and merits discovery because it would be "inefficient, unfair, and duplicative."); *Wilson v. Quest Diagnostics, Inc.*, No. CV 18-11960 (WJM), 2019 WL 7560932, at *4 (D.N.J. Aug. 22, 2019) (declining to bifurcate discovery in a TCPA action because it "will only delay the disposition of the entire case, and therefore, is contrary to judicial economy.").

Further, Pro Custom's reliance on *Physicians Healthsource, Inc. v. Janssen Pharm., Inc.*,

No. CIV.A. 12-2132 FLW, 2014 WL 413534 (D.N.J. Feb. 4, 2014) is misplaced. To hear Defendant tell it, *Physicians Healthsource, Inc.* "granted the exact same request that Defendant is making here and within the exact same type of case." (Def. Mot. at 2.) This is inaccurate. First, *Physicians Healthsource, Inc.* involves the transmission of unsolicited faxes, which is a separate violation of the TCPA. *See id.* at *1. Second, unlike this case, the bifurcation request involved a narrow issue that was completely separate from class issues—whether the specific faxes received by plaintiff were informational and therefore outside the scope of the JFPA. *See id.* at *4. The resolution of that specific issue would have proven dispositive of the plaintiff's individual claim. Again, the Plaintiffs in this case allege that a pre-recorded voice was used, and Defendant has offered nothing to suggest that the calls made to Smith or Landy were informational or otherwise exempt from the TCPA (or that this exemption applied only to them). Lastly, bifurcation in *Physicians Healthsource* did nothing to conserve resources. That is, following the bifurcated discovery, the Court eventually denied summary judgment finding that factual issues remained. *Physicians Healthsource, Inc. v. Janssen Pharm., Inc.*, No. CIV. 12-2132 FLW-TJB, 2015 WL 3827579, at *1, *6 (D.N.J. June 19, 2015). In the end, bifurcation simply delayed the case.

In short, bifurcation is generally to be avoided absent a clear showing that it will promote judicial economy. As explained next, Pro Custom falls far short of meeting this standard.

**II.     Bifurcation In This Case Fails To Promote Judicial Economy, Is Not Dispositive, And Unfairly Prejudices Plaintiffs.**

"The party seeking bifurcation bears the burden of demonstrating that judicial economy would be promoted and that no party will be prejudiced by bifurcation." *Webstaurant Store, Inc. v. Everything Is In Stock LLC*, No. 20-CV-02558-CCC-ESK, 2020 WL 4040842, at *1 (D.N.J. July 15, 2020). Again, "bifurcation is the exception rather than the rule in managing cases." *Id.*; *see also Hanover 3201 Realty, LLC v. Vill. Supermarkets, Inc.*, No. 214CV1327SRCCLW, 2016

WL 4541870, at *2 (D.N.J. Aug. 31, 2016) (quotations omitted) ("bifurcation is the exception and the moving party bears the burden of demonstrating that bifurcation" is needed.").

In deciding whether to bifurcate, "[c]ourts look to balance the extent to which bifurcation will allow the Court to address a narrow, potentially dispositive issue in a timely and cost effective manner with any potential prejudice to the opposing party." *Hanover 3201 Realty, LLC v. Vill. Supermarkets, Inc.*, No. 214CV1327SRCCLW, 2016 WL 4541870, at *2 (D.N.J. Aug. 31, 2016) (citation omitted). Courts consider "whether there is overlap in testimony and evidence concerning liability and damages, the issues are complex, bifurcation will promote settlement, and a single trial will cause unnecessary delay." *Webstaurant Store, Inc. v. Everything Is In Stock LLC*, No. 20-CV-02558-CCC-ESK, 2020 WL 4040842, at *1 (D.N.J. July 15, 2020); *see also Hanover 3201 Realty, LLC v. Vill. Supermarkets, Inc.*, No. 214CV1327SRCCLW, 2016 WL 4541870, at *2 (D.N.J. Aug. 31, 2016). Ultimately, "[i]n exercising its discretion, the court 'must weigh the various considerations of convenience, prejudice to the parties, expedition, and economy of resources.'" *Hartley-Culp v. Credit Mgmt. Co.*, No. 3:CV-14-0282, 2014 WL 4630852 (M.D. Pa. Sept. 15, 2014).

Pro Custom offers three arguments in favor of bifurcation: (1) that its proposal is efficient and will serve the interests of all Parties, (2) that bifurcation would allow the Court to focus on a single dispositive issue, and (3) that bifurcation poses no prejudice to Plaintiffs. As explained below, none of these contentions has merit, and Pro Custom cannot carry its burden to show that bifurcation will promote the interests of judicial economy.

    **A.**    **Defendant's bifurcation request is anything but efficient—rather, the ATDS issue involves both class and merits discovery, and, as such, bifurcation will result in duplicative work, additional disputes, and increased costs.**

Pro Custom claims that both Parties stand "to benefit from the efficiencies" of bifurcation. Defendant claims that: (1) discovery will be limited with less written discovery and

"fewer depositions overall" (Def. Mot. at 4-5), (2) the Court will be burdened with fewer discovery disputes (*id*. at 5), (3) the Parties will conserve expenses and costs (*id*. at 5), and (4) the issues subject to bifurcation are mutually exclusive of the class issues (*id*. at 6). Plaintiffs take each of these assertions in turn.

First, bifurcation will not lead to less discovery as Pro Custom claims. Here, bifurcation will require Plaintiffs to depose Defendant's corporate representative on multiple occasions—once for ATDS issues and once for class and all other issues. *See Copper Innovations Grp., LLC v. Nintendo Co.*, No. CV 07-1752, 2008 WL 11341318, at *2 (W.D. Pa. Sept. 12, 2008) (citations omitted) (finding that bifurcation did not serve judicial economy in part because "The parties may require multiple depositions of the same witnesses."); *Webstaurant Store, Inc. v. Everything Is In Stock LLC*, No. 20-CV-02558-CCC-ESK, 2020 WL 4040842, at *2 (D.N.J. July 15, 2020) ("defendant's only witness with relevant information would likely need to be deposed twice"); *EQT Prod. Co. v. Terra Servs., LLC*, No. CV 14-1053, 2014 WL 12838677 (W.D. Pa. Oct. 22, 2014) (finding that bifurcation would require multiple depositions of the same witness).

Plaintiffs will almost certainly require multiple depositions beyond Defendant's corporate representative. Plaintiffs will likely need to retain an expert to inspect Defendant's dialing system, and, potentially, Defendants' records relating to the ability to identify class members and the calls made. It is also unclear whether third parties may have relevant information for which documents and depositions would be required.

Second, bifurcation will lead to more, not fewer, discovery disputes. *See Wilson v. Quest Diagnostics, Inc.*, No. CV 18-11960 (WJM), 2019 WL 7560932, at *2 (D.N.J. Aug. 22, 2019) ("bifurcation often delays cases and leads to serial motion practice."); *Johnson & Johnson v. Kimberly-Clark Corp.*, 28 Fed. R. Serv. 2d 370 (E.D. Wis. 1978) (noting that bifurcating

discovery lead to litigation being "bogged down in skirmishes over the propriety of discovery requests."). To put it concisely, "[i]t is not only possible, but probable, that repeated discovery disputes will arise over whether requested discovery is related to liability, damages ... or [both] issues.... Each dispute would require the attention of the Court, more paperwork and time by the attorneys, more costs, and possible delays." *Copper Innovations Grp., LLC v. Nintendo Co.*, No. CV 07-1752, 2008 WL 11341318, at *2 (W.D. Pa. Sept. 12, 2008) (citations omitted).

Third, bifurcation will likely increase the costs and expense associated with litigation. *See Webstaurant Store, Inc. v. Everything Is In Stock LLC*, No. 20-CV-02558-CCC-ESK, 2020 WL 4040842, at *2 (D.N.J. July 15, 2020) ("will likely be prejudiced by additional expenses and costs if discovery were bifurcated."). Here, Plaintiffs will be required to depose the same witnesses on multiple occasions as well as spend time and resources engaging in discovery disputes and duplicative written discovery. Moreover, since Defendant's proposed bifurcation is not dispositive, it will also unnecessarily extend the litigation as well.

Fourth, Defendant's bifurcation proposal involves substantial overlap between class and merits issues. The ATDS inquiry examines the capacity of Defendant's dialing equipment. It isn't limited to Defendant's use of the equipment as it relates solely to Plaintiffs. Indeed, whether the dialing equipment qualifies as an ATDS is a common issue for both Plaintiffs and the Class. Further, discovery regarding Defendant's policies, procedures, and practices relating to dialing equipment clearly implicates both merits and class issues. As is the case here, "courts have recognized that 'the distinction between merits-based discovery and class-related discovery is often blurry, if not spurious.'" *Conner v. Perdue Farms, Inc.*, No. CIV.A. 11-888 MAS LH, 2013 WL 5977361, at *3 (D.N.J. Nov. 7, 2013) (citation omitted). It is important to recall that "judicial economy is best accomplished by the avoidance of piecemeal litigation, including

piecemeal discovery." *Kennoy v. Synchrony Bank*, No. 3:16-CV-2034, 2017 WL 2215279, at *3 (M.D. Pa. May 19, 2017). While in certain cases bifurcating between class and merits discovery makes sense, here any so-called "merits" issues—the technology used, any consent obtained, Defendant's use of any vendors and record-keeping—are so intertwined with the class issues that attempting to separate them would only lead to confusion, disagreement, and the need for Court supervision. *See* Manual for Complex Litig. § 11.214 (4th. ed) (The court should ascertain what discovery on class questions is needed for a certification ruling and how to conduct it efficiently and economically….Discovery may proceed concurrently if bifurcating class discovery from merits discovery would result in significant duplication of effort and expense to the parties.").

The end result of bifurcation will be increased expense, wasted time, and prolonged litigation. For this reason, the Court should deny Defendant's motion.

### B.   Contrary to Pro Custom's assertions, whether it used an ATDS is not dispositive of the litigation.

Pro Custom next incorrectly asserts that discovery regarding its use of an automatic telephone dialing system is dispositive of Plaintiffs' claims here. (Def. Mot. at 6-7.) This argument borders on the specious.

When the issue is not dispositive, bifurcation does not serve the convenience or judicial economy. *See Jones-Silverman v. Allstate Fire & Cas. Ins. Co.*, No. CV 17-1711, 2017 WL 3262453, at *3 (E.D. Pa. July 31, 2017) (citation omitted) (explaining that bifurcating discovery when the issue is not dispositive "does little to serve the interests of convenience, economy, or expedition."); *cf. Hanover 3201 Realty, LLC v. Vill. Supermarkets*, Inc., No. 214CV1327SRCCLW, 2016 WL 4541870, at *2 (D.N.J. Aug. 31, 2016) (citation omitted) ("Courts have found that bifurcating discovery where one issue 'could prove to be dispositive will promote judicial economy.'").

Under the TCPA, it is unlawful to place an unsolicited call to a person's cellular telephone "using any automatic telephone dialing system **or an artificial or prerecorded voice**." 47 U.S.C. § 227(b)(A)(iii) (emphasis added). In this case, Plaintiffs allege more than just an ATDS claim. They allege that they also received calls that featured a prerecorded voice. (Compl. at ¶¶ 42, 44-45.) Specifically, Plaintiffs allege that they received several calls that featured a prerecorded voice, including calls that required Plaintiffs to "press 1" to be connected to an operator. (*Id.* at ¶¶ 20, 25-27.) Rather than address the prerecorded voice allegations, Pro Custom's Motion simply pretends they don't exist. Nevertheless, the distinction is real and a decision regarding the use of an ATDS has no effect on the calls placed using a prerecorded voice. *See Fenescey v. Diversified Consultants, Inc.*, No. 3:14-CV-347, 2014 WL 2526571, at *3 (M.D. Pa. June 4, 2014) (Denying a motion to stay in part "because the calls were made using an artificial or prerecorded voice and such calls are regulated by the TCPA even if the call was not placed using an ATDS."). In short, even assuming *arguendo* that Defendant could prevail in defeating the ATDS allegations, it would not terminate the litigation altogether.

Pro Custom's attempts to limit Plaintiffs' ATDS allegations to nothing more than claims that Pro Custom used a "predictive dialer" (Def. Mot. at 7) also fail. As Pro Custom itself admits, Plaintiffs allege that Defendant's dialing equipment had "the capacity to store, produce, and dial random or sequential numbers." (Dkt. 1, at ¶¶ 10, 44.) In short, Plaintiffs alleged more than just a predictive dialer.

In any case, because whether an ATDS was used is not dispositive, there is nothing to be gained by adopting Defendant's proposed bifurcation here.

**C.     Bifurcation will unfairly prejudice Plaintiffs.**

Pro Custom next claims that "bifurcation will not prejudice Plaintiffs in any manner

whatsoever" because apparently "there is no risk that a witness's memory will fade" and "discoverable documents are unlikely to disappear." (Def. Mot. at 7.) This is unsupported wishful thinking.

Even where a defendant institutes a litigation hold, "relevant employees leave and memories fade." *Sutor v. Amerigroup Corp.*, No. 119CV1602LMBJFA, 2020 WL 2124180, at *2 (E.D. Va. Mar. 10, 2020). This is especially true with respect to "the destruction of relevant evidence by third parties." *Breines v. Pro Custom Solar LLC*, No. 3:19-CV-353-J-39PDB, 2019 WL 7423522, at *3 (M.D. Fla. Aug. 22, 2019). TCPA class actions interpose an additional layer of risk. That is, while TCPA claims are governed by a four-year statute of limitations, telephone service providers do not always keep call records for four years—some retain them for as little as twelve (12) months.[1] As such, an unnecessary delay would almost certainly lead to the disappearance of class related documents and information in the custody and control of third parties. This clearly prejudices Plaintiffs.

Next, Plaintiffs "will likely be prejudiced by additional expenses and costs if discovery were bifurcated." *Webstaurant Store, Inc. v. Everything Is In Stock LLC*, No. 20-CV-02558-CCC-ESK, 2020 WL 4040842, at *2 (D.N.J. July 15, 2020). As explained above, Plaintiffs will likely be required to depose Defendant's corporate representative and, potentially, experts on multiple occasions, which is typical when discovery is bifurcated. *See id.* ("defendant's only witness with relevant information would likely need to be deposed twice"); *EQT Prod. Co. v. Terra Servs., LLC*, No. CV 14-1053, 2014 WL 12838677 (W.D. Pa. Oct. 22, 2014) (finding that bifurcation would require multiple depositions of the same witness).

Finally, given that the ATDS issue is a common question for both Plaintiffs and the

---

[1] https://www.forensicfocus.com/articles/cellular-provider-record-retention-periods/

Class, bifurcation would give Defendant a free bite at the apple. That is, the one-way intervention rule, which bars granting class certification after the merits have already been decided in a Plaintiffs' favor, would preclude Smith and Landy, but not Defendant, from moving for summary judgment prior to class certification. *See James v. Glob. Tel*Link Corp.*, No. 13-4989, 2018 WL 3736478 (D.N.J. Aug. 6, 2018) (quoting *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 547 (1974)) ("The "one-way intervention rule" prevents "members of the claimed class ... [from] await[ing] developments in the trial or [ ] final judgment on the merits in order to determine whether participation would be favorable to their interests."). Conversely, even "absent bifurcation, Defendant is still free to seek discovery on the limited issues it believes will result in a prompt resolution of the case and make the appropriate motion at the earliest juncture it chooses." *Charvat v. Plymouth Rock Energy, LLC*, No. 15CV4106JMASIL, 2016 WL 207677, at *3 (E.D.N.Y. Jan. 12, 2016). Nothing therefore prevents Defendant from showing that it didn't use an ATDS and that this somehow results in the dismissal of the entire case.

Ultimately, bifurcation will unfairly advantage Defendant over Plaintiffs, and this motion should be denied.

**III.    Courts Nationwide Routinely Find Bifurcation To Be Unsuitable To TCPA Class Actions.**

Defendant closes its motion by arguing that district courts nationwide frequently grant the same bifurcation request. (Def. Mot. at 8-9.) Just the opposite is true.

Courts nationwide routinely deny motions to bifurcate discovery in TCPA class action. *See Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No. EDCV152057FMOSPX, 2018 WL 501413, at *4 (C.D. Cal. Jan. 5, 2018) (denying bifurcation of class and merits issues in a TCPA class action); *True Health Chiropractic Inc v. McKesson Corp.*, No. 13-CV-02219-JST, 2015 WL 273188, at *2-3 (N.D. Cal. Jan. 20, 2015) (declining to bifurcate a TCPA class action and noting

that individual and class discovery typically overlap); *Charvat v. Plymouth Rock Energy, LLC*, No. 15CV4106JMASIL, 2016 WL 207677, at *3 (E.D.N.Y. Jan. 12, 2016) (denying bifurcation in a TCPA class action); *Bruce Katz, M.D., P.C. v. Gokul Rx LLC*, No. 8:19-CV-2210-T-35SPF, 2020 WL 210828, at *2 (M.D. Fla. Jan. 14, 2020).

Pro Custom is no stranger to the denial of bifurcation. In *Breines v. Pro Custom Solar LLC*, No. 3:19-CV-353-J-39PDB, 2019 WL 7423522 (M.D. Fla. Aug. 22, 2019), Pro Custom argued that the court should "bifurcate discovery to address the merits of [plaintiffs'] claims before allowing class discovery." *Id.* at *1. In *Breines*, the court denied Pro Custom's bifurcation request. *Id.* at *4. In denying the request, the court reasoned "a stay could delay the determination of the action by months or longer, and that a stay could result in the destruction of relevant evidence by third parties." *Id.* at *3.

In the end, bifurcation does not serve the interests of judicial economy, will unfairly prejudice Plaintiffs, and will only result in the unnecessary waste of time and resources. As such, the Court should deny Defendant's motion and enter the following discovery schedule.

## IV. Plaintiffs' Proposed Discovery Schedule

As a final matter, in accordance with the Court's August 5th Order, Plaintiffs propose the following discovery schedule. Plaintiffs propose that discovery should proceed with respect to both class and merits issues for a period of ten (10) months. The first eight (8) months will be devoted to written and oral fact discovery. The final two (2) months will be devoted to experts. At the close of this ten (10) month period, the Parties would brief class certification. Following a ruling on class certification the Court would hold a subsequent case management conference and establish a schedule for the remainder of the case, including a period for any remaining merits-based discovery, and dates for summary judgment briefing, pre-trial conferences, and trial.

Plaintiffs therefore propose the following schedule:

| Deadline | Plaintiffs' Proposal |
|---|---|
| Deadline to Amend Pleadings and/or Add Parties | November 12, 2020 |
| Deadline to File Proposed Stipulated Protective Order | October 2, 2020 |
| Deadline to Complete Fact Discovery | April 16, 2021 |
| Plaintiffs' Expert Disclosures Due | April 23, 2021 |
| Defendants' Expert Disclosures Due | May 7, 2021 |
| Rebuttal Expert Disclosures Due | May 21, 2021 |
| Deadline to Complete Expert Discovery | June 18, 2021 |
| Deadline to Engage in Good Faith Settlement Discussions | June 18, 2021 |
| Deadline for Plaintiffs to File Motion for Class Certification | June 25, 2021 |
| Deadline for Defendants to File Opposition to Class Certification | July 23, 2021 |
| Deadline for Plaintiffs to File Reply ISO Motion for Class Certification | August 6, 2021 |
| Subsequent Case Management Conference | TBD: to be set after a ruling on class certification |

## V.   Conclusion

Bifurcation in this case would fail to promote the interests of judicial economy. It neither promotes efficiency nor will it be dispositive to the litigation as a whole. Instead, it will only increase costs and expenses, unnecessarily delay the litigation, and ultimately work to prejudice Plaintiffs' ability to have their day in Court. For these reasons, the Court should deny Defendant's motion, permit discovery to proceed with respect to class and merits issues, and award any relief as it deems necessary and just.

Respectfully submitted,

Dated: August 21, 2020                    By: */s/ Ari Marcus*
                                                          One of Plaintiffs' Attorneys

                                                          Ari Marcus, Esq.
Marcus & Zelman, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
Tel: 732-695-3282
Fax: 732-298-6256
ari@marcuszelman.com

Steven L. Woodrow*
swoodrow@woodrowpeluso.com
Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Taylor T. Smith*
tsmith@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 E. Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0676
Facsimile: (303) 927-0809

*Admitted Pro Hac Vice*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on August 21, 2020.

*/s/ Ari Marcus*