UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**STEWART SMITH, individually and on behalf of all others similarly situated,**

    **Plaintiff,**

    v.

**PRO CUSTOM SOLAR LLC, d/b/a MOMENTUM SOLAR,**

    **Defendant.**

Civ. No. 19-20673 (KM) (ESK)

OPINION

**KEVIN MCNULTY, U.S.D.J.:**

Stewart Smith alleges that Pro Custom Solar, known as Momentum Solar ("Momentum"), placed calls to him that violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Momentum moves to dismiss for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). (DE 24.)[1] For the following reasons, the motion is **GRANTED**.

## I. BACKGROUND

"Momentum Solar is a supplier of solar energy solutions." (Compl. ¶ 8.)[2] "[T]o solicit consumers to purchase its solar energy products and services," Momentum "utilizes telemarketing." (*Id.* ¶¶ 14, 9.) Specifically, Momentum uses "hardware and software" that qualify as "an automatic telephone dialing system [] because, among other things, such equipment has the capacity to store,

---

[1] Certain citations to the records are abbreviated as follows:

DE = docket entry

Compl. = Complaint (DE 1)

Mot. = Momentum's Brief in Support of its Motion to Dismiss (DE 24-1)

Opp. = Smith's Opposition to Momentum's Motion to Dismiss (DE 27)

[2] Because this case comes to me on a motion to dismiss, I draw the facts from the Complaint's allegations. Section II, *infra*.

produce, and dial random or sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, en masse, in an automated fashion without human intervention." (*Id.* ¶ 10.) Momentum's calls also featured "a pre-recorded voice that played a message before any live person appeared on the line." (*Id.* ¶ 11.)

Smith received four calls from Momentum "using a pre-recorded voice or ATDS." (*Id.* ¶ 20.) He never provided consent for those calls. (*Id.* ¶¶ 22–23.) So he sued Momentum, alleging a violation of the TCPA. (*Id.* ¶ 32.)[3] He seeks to represent a class of anyone who received similar calls. (*Id.* ¶ 33.) Momentum moves to dismiss.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a) does not require that a pleading contain detailed factual allegations. Nevertheless, "a [party's] obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (Rule 8 "requires a 'showing' rather than a blanket assertion of an entitlement to relief." (citation omitted)). Thus, the factual allegations must be sufficient to raise a claimant's right to relief above a speculative level, so that a claim is "plausible on its face." *Twombly*, 550 U.S. at 570. That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Id.*

---

[3]   The Complaint named an additional plaintiff, Brennan Landy. (Compl. ¶ 3.) But Landy voluntarily dismissed his claims with prejudice. (DE 40.) So I only consider Smith's allegations and claims.

Rule 12(b)(6) provides for the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *See Animal Sci. Prods., Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n.9 (3d Cir. 2011). For the purposes of a motion to dismiss, the facts alleged in the pleading are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *N.J. Carpenters & the Trs. Thereof v. Tishman Constr. Corp. of N.J.*, 760 F.3d 297, 302 (3d Cir. 2014).

### III.   DISCUSSION

The only issue is whether Smith states a TCPA claim. The TCPA restricts robocalls and telemarketing. *Barr v. Am. Ass'n of Pol. Consultants*, 140 S. Ct. 2335, 2344 (2020) (plurality). The statute, in relevant part, makes it unlawful "to make any call (other than a call . . . made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice" to a cell phone. 47 U.S.C. § 227(b)(1)(A)(iii). Momentum argues that Smith fails to allege (1) use of an automatic telephone dialing system (commonly called an "ATDS"), (2) use of a prerecorded voice, and (3) lack of consent. (Mot. at 2, 4–5.) Momentum is right on its first two arguments but not its third. Because Smith may easily amend his Complaint to cure those deficiencies, I will still discuss the third argument so that we need not do a rerun later.

#### A. ATDS

Callers may be liable under the TCPA if they use an ATDS. The TCPA defines an ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." § 227(a)(1). How to interpret this definition has split the Courts of Appeals. One side holds that the definition covers equipment that can store and dial numbers without human intervention, regardless of whether the equipment itself generates the numbers. *Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 281 n.5 (2d Cir. 2020); *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1052 (9th Cir. 2018). The other side,

including the Third Circuit, holds that the equipment itself must generate the numbers to be called. *Glasser v. Hilton Grand Vacations Co.*, 948 F.3d 1301, 1311 (11th Cir. 2020); *Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458, 466 (7th Cir. 2020); *Dominguez v. Yahoo, Inc.*, 894 F.3d 116, 118, 121 (3d Cir. 2018); *ACA Int'l v. FCC*, 885 F.3d 687, 697 (D.C. Cir. 2018). The Supreme Court is poised to resolve this Circuit split over the definition of an ATDS. *Facebook Inc. v. Duguid*, No. 19-511.

Whatever the precise definition of an ATDS, a complaint must do more than simply parrot that definition. Rather, the complaint must allege some facts permitting an inference that an ATDS was used. *Montinola v. Synchrony Bank*, Civ. No. 17-8963, 2018 WL 4110940, at *2 (D.N.J. Aug. 28, 2018) (applying Third Circuit definition); *Schley v. One Planet Ops Inc.*, 445 F. Supp. 3d 454, 459–60 (N.D. Cal. 2020) (applying Ninth Circuit definition). That inference can come from allegations like (1) a delay before hearing the message, *Hazan v. Wells Fargo & Co.*, Civ. No. 18-10228, 2019 WL 1923272, at *3 (D.N.J. Apr. 30, 2019); (2) calls ending with a beep, *id.* at *2, (3) instructions to call a 1-800 number, *Todd v. Citibank*, Civ. No. 16-5204, 2017 WL 1502796, at *6 (D.N.J. Apr. 26, 2017); (4) an unusual phone number or short code instead, *Douek v. Bank of Am. Corp.*, Civ. No. 17-2313, 2017 WL 3835700, at *2 (D.N.J. Sept. 1, 2017); and (5) a robotic voice on the other end, *Montinola*, 2018 WL 4110940, at *3. *See also Schley*, 445 F. Supp. 3d at 459–60 (listing similar factors used in the Ninth Circuit). Although these facts are not independent legal requirements, they may help the pleader cross the plausibility line. *Montinola*, 2018 WL 4110940, at *3.

Smith alleges *no* facts regarding the ATDS allegedly used. Instead, he parrots the legal definition of an ATDS. (Notably, he uses a hybrid definition that would seem to satisfy both sides of the circuit split.) (Compl. ¶ 10.) There is nothing in the Complaint about the content of the calls or the phone number

they came from. (*See id.* ¶ 20.)[4] The one factual detail he gives—that he received four calls in one month—does not imply ATDS use. Courts have held that far higher call frequencies were insufficient to raise an inference of ATDS use. *Hazan*, 2019 WL 1923272, at *3 (1400 calls over two years); *Montinola*, 2018 WL 4110940, at *3 (133 calls over a "short period of time"). Given that deficit, and the lack of any other facts, the Complaint does not adequately allege use of an ATDS.

I take Smith's point that the mechanics of a defendant's system are unknowable to plaintiffs, so they should not have to plead details. (Opp. at 6–7 (citing *Shelton v. Nat'l Gas & Elec., LLC*, Civ. No. 17-4063, 2019 WL 1506378, at *11 (E.D. Pa. Apr. 5, 2019).) Indeed, courts, when reviewing pleadings, should consider "the nature of the action, . . . the availability of information, and other practical considerations." *Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d Cir. 2019) (citation omitted). But there are, at least in theory, plenty of facts available to Smith which he could have alleged to make ATDS use seem plausible. *Montinola*, 2018 WL 4110940, at *2. He has not attempted even that minimal task, so his Complaint fails to allege use of an ATDS.[5]

### B. Prerecorded Voice

Smith's allegations regarding a prerecorded voice suffer from the same flaw. Recall that the TCPA makes it unlawful "to make any call . . . using any [ATDS] *or* an artificial or prerecorded voice." § 227(b)(1)(A) (emphasis added). Because the statute says "or," calls made with "an artificial or prerecorded voice" create a separate basis for liability, regardless of whether an ATDS was used. *Johnson v. Comodo Grp.*, Civ. No. 16-4469, 2020 WL 525898, at *7

---

[4] To be sure, the Complaint alleges that calls to Landy instructed him to "press 1." (Compl. ¶ 26.) While that allegation could help give an inference of ATDS use, it is specific to Landy, and Landy has been dismissed from the case.

[5] Because courts on both sides of the circuit split look for similar allegations suggesting use of an ATDS, *compare Montinola*, 2018 WL 4110940, at *3, *with Schley*, 445 F. Supp. 3d at 459–60, the Complaint fails regardless of how the Supreme Court resolves the split. No party has asked for a stay pending *Duguid*, and given that I am dismissing without prejudice to amendment, there is no pressing need for such a stay.

(D.N.J. Jan. 31, 2020), *appeal stayed*, No. 20-2113 (3d Cir. Aug. 20, 2020); *Richardson v. Verde Energy USA, Inc.*, 354 F. Supp. 3d 639, 651 (E.D. Pa. 2018); *Glasser*, 948 F.3d at 1313; *Ybarra v. Dish Network LLC*, 807 F.3d 635, 640–41 (5th Cir. 2015). But, just as with ATDS-based claims, a complaint must include some factual allegations beyond "the call had a prerecorded voice." *E.g.*, *Somogyi v. Freedom Mortg. Corp.*, Civ. No. 17-6546, 2018 WL 3656158, at *7 (D.N.J. Aug. 2, 2018); *Trumper v. GE Capital Retail Bank*, 79 F. Supp. 3d 511, 513 (D.N.J. 2014). For example, allegations could describe the voice's "clarity and cadence" or "the absence of anything specific" to a live person such as saying "the name of the person being called." *Somogyi*, 2018 WL 3656158, at *7.

There are no such allegations here. Instead, Smith simply alleges that he "received several calls from Defendants using a pre-recorded voice or ATDS" and that the calls "played a message before any live person appeared on the line." (Compl. ¶¶ 20, 11.) Absent some minimal description of the voice or message, Smith has put forward no more than a conclusion—not any factual allegations that allow me to infer a right to relief. For that reason, his Complaint fails to state a claim for TCPA liability based on a prerecorded voice.

### C. Consent

Finally, Momentum argues that Smith never alleges that Momentum called him without his consent. (Mot. at 4–5.) Here, Momentum missteps. Smith *does* allege that he "never provided any oral consent or written consent" and that he "never provided any consent for an initial call and oral consent or retroactive consent are not sufficient to obtain prior express written consent." (Compl. ¶¶ 22, 23.) Momentum latches onto the second allegation regarding the inefficacy of retroactive consent, arguing that it implies that such later consent must have occurred. (Mot. at 5.) This thinking suffers from two flaws.

First, Momentum too finely scrutinizes the Complaint. We do not dismiss claims based on infelicities in phrasing, faulty semantics, or farfetched implications, positive or negative, therefrom. *See Garrett*, 938 F.3d at 92

6

(citation omitted). My task is to read allegations in context and with common sense. *See id.* at 93. Moreover, I am bound to draw every inference in Smith's favor. *N.J. Carpenters*, 760 F.3d at 302. Smith's general allegations that he did not consent suffice.

      Second, and in the alternative, to grant dismissal on this basis would misapply the role of consent in Rule 12(b)(6) review of these TCPA claims. Most Courts of Appeals hold that consent (or its absence) is not an element but an affirmative defense; thus it is not the plaintiff's burden to pre-rebut it in order to avoid dismissal. *Breda v. Cellco P'ship*, 934 F.3d 1, 4, n.4 (1st Cir. 2019); *A.D. v. Credit One Bank, N.A.*, 885 F.3d 1054, 1065 (7th Cir. 2018); *Latner v. Mount Sinai Health Sys., Inc.*, 879 F.3d 52, 54 (2d Cir. 2018); *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1044 n.3 (9th Cir. 2017); *Murphy v. DCI Biologicals Orlando, LLC*, 797 F.3d 1302, 1304-05 (11th Cir. 2015). The Third Circuit has not addressed the issue, but the court signaled its agreement with its sister circuits in dicta. *See Evankavitch v. Green Tree Serv., LLC*, 793 F.3d 355, 366 (3d Cir. 2015) (holding that the burden to prove an exception to liability under another statute lies with the defendant and relying on interpretations of the TCPA holding that consent is an exception to liability for which the defendant bears the burden of proof). Absent binding authority, I also look to the views of the Federal Communications Commission ("FCC"). *Daubert NRA Grp., LLC*, 861 F.3d 382, 389 (3d Cir. 2017). The FCC, responding to a petition from creditors, explained that "the creditor should be responsible for demonstrating that the consumer provided prior express consent . . . . Should a question arise as to whether express consent was provided, the burden will be on the creditor to show it obtained the necessary prior express consent." *Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 F.C.C. Rcd. 559, 565 (2008). Given this ruling, plus persuasive authority, I will treat prior express consent as an affirmative defense.

As to such an affirmative defense, dismissal on a Rule 12(b)(6) motion is generally inappropriate unless the plaintiff unequivocally pleads itself out of court. That is, "[t]o prevail on a Rule 12(b)(6) motion to dismiss based on an affirmative defense, . . . a defendant must show that 'the defense is apparent on the face of the complaint' . . . ." *Lupian v. Joseph Cory Holdings LLC*, 905 F.3d 127, 130 (3d Cir. 2018) (quoting *Bohus v. Restaurant.com, Inc.*, 784 F.3d 918, 923 n.2 (3d Cir. 2015)). Prior express consent is not so apparent in this Complaint. Start with the fact that Smith alleges that the calls were not consented-to. True, as Momentum notes, the Complaint gives little detail about the nature of his consent or relationship with Momentum. But that is not Smith's burden, so his allegations suffice.

Moreover, the allegations are not clear enough to mandate an inference of consent. The type of consent required depends on the call's content. 47 C.F.R. § 64.1200(a)(2) (requiring "*written* consent" for a call "that includes or introduces an advertisement or constitutes telemarketing" to a cell phone (emphasis added)); *Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 F.C.C. Rcd. 7961, 7990 (2015) (for non-telemarketing "informational" messages, "neither the Commission's rules nor its orders require any specific method by which a caller must obtain such prior express consent"), *rev'd in part on other grounds*, *ACA*, 885 F.3d 687. The Complaint only alleges that Momentum's calls were "telemarketing." (Compl. ¶ 9.) I would need to determine, among other things, whether the calls qualified as such, *see* 47 C.F.R. § 64.1200(f)(12) (defining "telemarketing"), which I cannot do on this Complaint. Thus, prior express consent could not be a basis for dismissal at this stage.

The necessary clarity is lacking. As noted above, Momentum draws a strained inference of consent from an allegation that "oral consent or retroactive consent are not sufficient." To say that these circumstances would not be legally sufficient to satisfy defendant's burden is not necessarily to imply

8

that they occurred. These matters of defense may be clarified, however, in an amended pleading or in discovery.

## IV. CONCLUSION

For the reasons set forth above, the motion to dismiss is granted.

A separate order will issue.

Dated: January 15, 2021

/s/ Kevin McNulty

_____

**Hon. Kevin McNulty**
**United States District Judge**