# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEWART SMITH, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>PRO CUSTOM SOLAR LLC d/b/a MOMENTUM SOLAR, a New Jersey limited liability company,<br><br>*Defendant*. | Case No. 2:19-cv-20673-KM-ESK<br><br>**CIVIL ACTION**<br><br>**FIRST AMENDED CLASS ACTION AND DEMAND FOR JURY TRIAL** |

1. Plaintiff Stewart Smith ("Plaintiff" or "Smith") brings this Class Action Complaint against Defendant Pro Custom Solar, LLC d/b/a Momentum Solar ("Momentum Solar" or "Defendant") to stop its practice of making unsolicited autodialed and/or pre-recorded telephone calls to consumers' cellular telephones without procuring prior express written consent as required by law, and to obtain redress for all persons similarly injured by Defendant's conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. The Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), and its implementing regulations, 47 C.F.R. § 64.1200, *et seq.*, prohibit companies such as Defendant from making calls to cellular telephones using an automatic telephone dialing system ("ATDS") or pre-recorded voice without first obtaining prior express written consent. In this case, Momentum Solar has violated, and continues to violate, the TCPA and its regulations by placing unsolicited autodialed and/or prerecorded calls to cellular phone subscribers who have not provided prior express written consent to receive such text messages.

## PARTIES

3. Plaintiff Stewart Smith is a natural person over the age of 18 who resides in Willow Grove, Montgomery County, Pennsylvania.

4. Defendant Momentum Solar is the associated name or a d/b/a for Pro Custom Solar, LLC, a limited liability company incorporated and existing under the laws of the State of New Jersey whose primary place of business and corporate headquarters is located at 3096B Hamilton Blvd, South Plainfield, New Jersey 07080.

## JURISDICTION

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, a federal statute. This Court also has jurisdiction

under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332, because each of the alleged Classes consists of over 100 persons, there is minimal diversity, and the claims of the class members when aggregated together exceeds $5 million. Further, none of the exceptions to CAFA applies.

6. This Court has personal jurisdiction over Momentum Solar and venue is proper in this District because it solicits significant business in this District, is registered to do business in this District, is headquartered in this District, and a substantial part of the events or omissions giving rise to the claim occurred in or emanated from this District. On information and belief, the calls at issue, or the decision to make such calls, were made from this District.

## COMMON ALLEGATIONS OF FACT

7. Defendant Momentum Solar is a supplier of solar energy solutions headquartered in South Plainfield, New Jersey.

8. In an effort to effectuate Momentum Solar's business, Defendant utilizes telemarketing to reach consumers.

9. The hardware and software used by Defendant (or its agent) to make the calls is an automatic telephone dialing system ("ATDS") because, among other things, such equipment has the capacity to store, produce, and dial random or sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse,* in an automated fashion without human intervention.

Defendant's ATDS includes features substantially similar to a predictive dialer, inasmuch as it is capable of making numerous calls simultaneously (all without human intervention).

10. Momentum Solar fails to obtain consumers' prior express written consent as required by the TCPA to place such calls.

11. That is, Momentum Solar makes unauthorized autodialed calls to cellular subscribers who have not provided proper consent to Defendant to receive such calls.

12. In doing so, Momentum Solar makes unsolicited telemarketing calls to solicit consumers to purchase its solar energy products and services—all in violation of the TCPA.

13. By making the calls at issue in this Complaint, Defendant caused Plaintiff and the members of the Class actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the receipt of such calls, in addition to a loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls. Furthermore, the calls interfered with and interrupted Plaintiff's and the other Class members' use and enjoyment of their cellphones, including the related data, software, and hardware components. The phone rings and interrupts the user's experience.

Defendant also caused injury to their phones by causing wear and tear on their property, consuming battery life, and appropriating cellular minutes and data.

14. Defendant knows or acts in conscious disregard of the fact that its autodialed calls to these cellular subscribers are unauthorized.

15. As such, Defendant not only invaded the personal privacy of Plaintiff and other members of the putative Class, it also intentionally and repeatedly violated the TCPA.

16. To the extent a third party made calls on behalf of Momentum Solar, Momentum Solar knew about the calls, received the benefits of the calls, directed the calls to be placed, and ratified the calls. Momentum Solar is liable for all calls placed on its behalf.

## FACTS SPECIFIC TO PLAINTIFF SMITH

17. Plaintiff Smith is the owner and customary user of a personal cellular telephone number ending in 6860.

18. In or around July 2019, Plaintiff received several calls from Defendant using a pre-recorded voice or ATDS.

19. On July 8, 2019, Smith received a call from (267) 716-6860. When he answered the phone, Smith was met with dead air. He said "hello" several times and heard a "click" before being connected to a live representative. He told the

representative that he was not interested and did not want to receive any more calls.

20. Plaintiff received a second call on July 8, 2019, from (267) 985-2730. When he answered the phone, Smith was met with dead air. He said "hello" several times and heard a "click" before being connected to a live representative. Again, he told the representative that he was not interested and did not want to receive any more calls.

21. On July 9, 2019, Smith received a call from (267) 245-8792. Like the previous calls, when he answered the phone, Smith was met with dead air. He said "hello" several times and heard a "click" before being connected to a live representative. During this call, Smith expressed interest in an attempt to determine who was making the calls.

22. On July 10, 2019, Smith received a call from (570) 559-3387. During this call, he spoke with a representative of Defendant and requested an email in order to obtain more information about who was calling him. After the call, Smith received a follow-up email from a Momentum Solar representative named "Nicholas Abood."

23. On July 11, 2019, Plaintiff received seven more calls from Defendant and/or its representatives: two from (215) 709-7611, two from (814) 402-8707, and three from (732) 902-2551. Smith did not answer these calls.

24. On July 25, 2019, Smith received a call from (831) 200-2542. He told the representative that he was not interested.

25. As of February 9, 2021, the majority of these phone numbers cannot be called back, as attempts to reach representatives at these numbers result in disconnected calls and automated messages stating that the phone number has been disconnected.

26. One of the phone numbers that called Plaintiff three times—(732) 902-2551—reaches an automated message related to Momentum when called. Upon calling this number, the message played is as follows:

> Thank you for contacting Momentum Solar. This call may be recorded for quality assurance and training purposes. If you know your party's extension, you may dial it at any time. Please listen carefully as our menu options have changed. If you are an existing customer, press 1. If you are interested in learning more about the benefits of solar, press 2. If you are calling from a township, press 3. For job opportunities or employment, press 4. To report an incident with one of our vehicles, press 5. All suppliers and vendors, press 6. If you are an existing employee and want to reach human resources, press 7. All other callers, please press 8.

27. Upon information and research conducted by his counsel, all of these calls came from Defendant and/or its representatives.

28. Smith never provided any oral consent or written consent that satisfied the requirements set forth in 47 C.F.R. 62.1200(f)(8)(i) or otherwise.

29. Smith never provided any consent for an initial call, and any defense of oral consent or retroactive consent that Defendant may attempt to raise would be insufficient to demonstrate prior express written consent.

30. Defendant was aware that calls were placed to consumers like Smith who had not consented to receive them.

31. By continuing to make unauthorized calls as alleged herein, Momentum Solar has caused Plaintiff and other consumers actual harm and cognizable legal injury. This includes the aggravation, nuisance, and invasion of privacy that results from the receipt of such unwanted calls in addition to a loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls. Furthermore, the calls interfered with Plaintiff's and the other Class members' use and enjoyment of their cellphones, including the related data, software, and hardware components. Defendant also caused injury to their phones by causing wear and tear on their property, consuming battery life, interfering with their use and enjoyment, and appropriating cellular minutes and data.

32. To redress these injuries, Plaintiff, on behalf of himself and the Class of similarly situated individuals set forth below, brings this suit under the TCPA, which prohibits unsolicited text calls to cellular telephones. On behalf of the Class, Plaintiff seeks an injunction requiring Defendant to cease all unauthorized autodialed calling activities (plus corresponding declaratory relief) and an award of

statutory damages to the class members to be paid into a common fund for the benefit of the class members, together with costs and reasonable attorneys' fees.

## CLASS ALLEGATIONS

33. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and a Class as defined as follows:

> **No Consent Class:** All persons in the United States who (1) from the date four years prior to the filing of this Complaint through the date notice is sent to the Class; (2) received at least one call from Defendant, or a third person acting on behalf of Defendant; (3) on the person's cellular telephone; (4) for the purpose of selling Defendant's solar products and services; (5) using the same equipment that was used to call the Plaintiff; and (6) for whom Defendant claims it obtained prior express written consent in the same manner as Defendant claims it obtained prior express written consent to call the Plaintiff.

34. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assignees of any such excluded persons. Plaintiff anticipate the need to amend the class definition following appropriate discovery.

35. **Numerosity:** The exact number of members within the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has made unsolicited to thousands of consumers who fall into the definition of the Class. The exact number of members of the Class can be identified through Defendant's records.

36. **Typicality:** Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the members of the Class have sustained damages arising out of Defendant's uniform wrongful conduct.

37. **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions. Plaintiff and his counsel have no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

38. **Commonality and Predominance:** There are several questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to, the following:

(a) Whether Defendant's conduct violated the TCPA;

(b) Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct;

(c) Whether Defendant systematically called consumers absent prior express written consent; and

(d) Whether Defendant made the calls using an automatic telephone dialing system.

39. **Conduct Similar Towards All Class Members:** By committing the acts set forth in this pleading, Defendant has acted or refused to act on grounds substantially similar towards all members of the Class so as to render final injunctive relief and corresponding declaratory relief appropriate so as to warrant certification under Rule 23(b)(2).

40. **Superiority & Manageability:** This case is also appropriate for class certification under Rule 23(b)(3) because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable, and the damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not

be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured. Also, there are no pending governmental actions against Defendant for the same conduct.

## CAUSE OF ACTION

**Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.***
**(On Behalf of Plaintiff and the No Consent Class)**

41. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

42. Defendant made unsolicited autodialed calls to cellular telephone numbers belonging to Plaintiff and the other members of the No Consent Class, without their prior express written consent in an effort to generate business for Defendant's products and services.

43. Defendant failed to obtain any prior express consent that included, as required by 47 C.F.R. § 64.1200(f)(8)(i), a "clear and conspicuous" disclosure informing the person signing that:

(A) By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice; and

(B) The person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

44. Further, Defendant made the calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or to receive and store lists of phone numbers, and to dial such numbers, *en masse*, simultaneously and without human intervention.

45. By making the unsolicited calls to Plaintiff and members of the Class's cellular telephones without prior express written consent, and by utilizing a pre-recorded voice or ATDS, Defendant violated 47 U.S.C. § 227(b).

46. As a result of Defendant's unlawful conduct, Plaintiff and the members of the No Consent Class suffered actual damages in the form of monies paid to receive the unsolicited phone calls on their cellular telephones and, under Section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

47. Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the No Consent Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Stewart Smith, on behalf of himself and the class, prays for the following relief:

    A.    An order certifying the Class as defined above, appointing Plaintiff as the representative of the Class, and appointing his counsel as Class Counsel;

    B.    An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

    C.    An order declaring that Defendant's actions, as set out above, violate the TCPA;

    D.    A declaratory judgment that Defendant's telephone equipment constitutes an automatic telephone dialing system under the TCPA;

    E.    An injunction requiring Defendant to cease all unsolicited telemarketing activities, and otherwise protecting the interests of the Class;

F.  An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above;

G.  An award of treble damages if willfulness is shown; and

H.  Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: February 16, 2021  **Stewart Smith**, individually and on behalf of all others similarly situated,

By:   s/ *Ari Marcus*
One of Plaintiffs' Attorneys

Ari Marcus
Marcus & Zelman, LLC
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
Tel: 732-695-3282
Fax: 732-298-6256
ari@marcuszelman.com

Steven L. Woodrow*
swoodrow@woodrowpeluso.com
Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Taylor T. Smith*
tsmith@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210

Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Pro Hac Vice*